# EXHIBIT

Filing # 112640816 E-Filed 08/31/2020 02:35:39 PM

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

ALAN GRAYSON,

    Plaintiff,

CASE NO.: 2020-CA-008342-O

v.

NO LABELS, INC.; PROGRESS TOMORROW, INC.; UNITED TOGETHER, INC.; NANCY JACOBSON, MARK PENN, and JOHN DOE(S),

    Defendants.

___

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint in this action on Defendant:

**PROGRESS TOMORROW, INC.**
By serving its Registered Agent
Incorp Services, Inc.
919 North Market Street, Suite 950
Wilmington, Delaware 19801

    Defendant is required to serve written defenses to the complaint or petition on **TUCKER H. BYRD, ESQ.**, Plaintiff's attorney, whose address is **BYRD CAMPBELL, P.A., 180 Park Avenue North, Suite 2A, Winter Park, Florida 32789, Telephone: (407) 392-2285**, within **twenty (20) days** after service of this Summons upon you, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint or petition.

    WITNESS my hand and the seal of this Court on this the ___9th___ day of ___September___, 2020.

**Tiffany Moore Russell**
Clerk of the Court
By ___Liz Yanira Gordian Olmo, Deputy Clerk___
    2020-09-09 10:40:15
As Deputy Clerk

**Civil Division**
**425 N. Orange Avenue**
**Room 350**
**Orlando, Florida 32801**

Date Served: 9/15/2020
Time Served: 328
Server: DS
48 74 781

## REQUESTS FOR ACCOMMODATIONS BY
## PERSONS WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

Filing # 112089629 E-Filed 08/19/2020 08:10:03 PM

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

ALAN GRAYSON,

    Plaintiff,

v.

CASE NO.

NO LABELS, INC.; PROGRESS
TOMORROW, INC.; UNITED
TOGETHER, INC.; NANCY JACOBSON,
MARK PENN, and JOHN DOE(S).,

    Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Alan Grayson ("Grayson"), sues Defendants, No Labels, Inc. ("No Labels"); Progress Tomorrow, Inc. ("Progress Tomorrow"); United Together, Inc. ("United Together"); Nancy Jacobson ("Jacobson"); Mark Penn ("Penn"); and John Doe(s) (collectively, "Defendants"), and alleges:

### INTRODUCTION

1. Alan Grayson—having dedicated a significant portion of his professional career to serving the public as an elected official, often with truthful "messages" to help and protect disadvantaged and underserved Americans, even if those messages were inconvenient to certain conservative political doctrine—had come to expect opposition from his detractors, all in the name of "free speech." But the vitriolic, hateful, false, and maliciously defamatory statements published about him by the Defendants leading up to Grayson's 2018 Congressional campaign crossed the line of acceptable discourse, even by the standards of modern political debate, and exceeded all bounds of decency, all with the intent to ruin Grayson. The Defendants published repeated statements which the Defendants knew were false, or were published with reckless regard to

truthfulness, and Defendants damaged Grayson personally, professionally, and ultimately politically. The Defendants thereby enriched themselves, under their "inside the Beltway" business model of promoting their ugly brand of malicious defamation to rich donors. On information and belief, Grayson alleges that they executed this business model with a corporate shell game that depleted the corporate shells, for the personal profit of the individual Defendants. Grayson brings this action seeking millions of dollars in damages.

## JURISDICTION, PARTIES, AND VENUE

2. This is an action that includes claims for equitable relief and damages that exceed $30,000.00, exclusive of interest, costs, and attorney's fees.

3. Plaintiff, Grayson, is a resident of Florida and an individual domiciled at 9477 Westover Club Circle, Windermere, Florida 34786.

4. Defendant No Labels, is a corporation with its principal place of business in Washington, D.C.

5. Defendant Progress Tomorrow is a Delaware corporation.

6. Defendant United Together is a Delaware corporation.

7. Defendant Jacobson is the founder and President of No Labels. Grayson alleges on information and belief that Jacobson and Penn are married, and they are residents of, and domiciled in, Washington, D.C. Grayson further alleges on information and belief that their address is or was 2131 O Street, N.W., Washington, DC 20007.

8. Defendant(s) John Doe(s) is, or are, civil conspirators with the other Defendants or otherwise liable for the claims asserted in this Complaint, as alleged below.

9. Defendants are subject to the jurisdiction of this Court under Section 48.193(1)(a)(2), Florida Statutes, because they committed tortious acts within this state and within this judicial district, causing damage to Grayson within this judicial district.

10. Under Section 47.011, Florida Statutes, venue is proper in Orange County, Florida because the causes of action accrued in Orange County.

## GENERAL ALLEGATIONS

11. Jacobson and No Labels raise money from right-wing millionaires and billionaires that is used to denigrate, disparage, and destroy the reputations of progressive political candidates, primarily through negative advertising and "attack ads." On information and belief, at one point, No Labels touted to such donors and potential donors that it had ended Grayson's political career. In 2016, Jacobson—and No Labels—directed groups spent hundreds of thousands of dollars in negative advertising against Grayson's wife, Dr. Dena Grayson, in her Congressional campaign.

12. According to a December 2018 report in *The Intercept,* No Labels "gave work" to political companies that Penn either owns or controls through Stagwell Group (where Penn is President and Managing Partner), or from which he otherwise profits.

13. According to a Complaint filed in the Supreme Court of the State of New York by Rimylan Enterprises, LLC, Penn was "calling all the shots" regarding No Labels-related campaign activity from May 2018 onward.

14. During 2018, No Labels-related campaign activity was conducted through a series of shell companies with "Orwellian" names, including Forward Not Back, Inc.; United for Progress, Inc.; United Together, Inc.; Citizens for a Strong America, Inc.; Govern Or Go Home, Inc.; Americans Committed for Progress, Inc.; Citizens for America, Inc.; Progress Together, Inc.; Patriotic Americans PAC, Inc.; No Labels Action, Inc.; and Progress Tomorrow, Inc. The

Defendants manipulated these shell companies to strip their assets, making them judgment-proof. On information and belief, a substantial portion of these assets were transferred to organizations that Penn owned or controlled. Specifically, these transfers were made:

    a.    With actual intent to hinder, delay, or defraud the creditors of these shell companies;

    b.    Without receiving a reasonably equivalent value in exchange for the transfer;

    c.    Leaving the assets of these shell companies unreasonably small in relation in relation to their business;

    d.    With the intent to leave these companies with no ability to pay their debts;

    e.    On information and belief, Grayson alleges, to insiders;

    f.    Attempting to conceal the transfers;

    g.    In amounts that were substantially all of the shell companies' assets;

    h.    Removing or concealing assets;

    i.    Without consideration that was reasonably equivalent to the value of the transfers; and

    j.    Resulting in the insolvency of the shell companies.

15.    In 2018, Grayson announced his candidacy for Congress. Grayson alleges on information and belief, on the day after he made this announcement, that Jacobson and No Labels obtained a $500,000.00 contribution from a substantial media mogul for No Label's related campaign activity. Grayson alleges on information and belief that this money was targeted against Grayson.

16. The $500,000.00 contribution was made to United Together and then transferred, along with other funds, to Progress Tomorrow.

17. Defendants then publicly communicated statements that disparaged Grayson. Defendants targeted these comments in order to disparage Grayson to voters within this Judicial Circuit, *inter alia,* where Grayson was a candidate for U.S. Congress in an election held on August 28, 2018.

18. For instance, in publishing communications to persons in this Judicial Circuit, Defendants posted comments in which they claimed that, *inter alia*:

   a. "Congressional Ethics Investigation Found Alan Grayson Abused His Office for Financial Gain."

   b. "A Congressional Ethics Investigation found evidence that Alan Grayson Abused His Position in Congress to enrich himself."

   c. ". . . as a congressman, he . . . Hid income on his public disclosures."

   d. ". . . as a congressman, he . . . Used taxpayer resources to conduct his high-risk investor scheme."

   e. "Alan Grayson Used His Congressiotnal [sic] Office For His Own Financial Gain."

19. These statements were false.

20. The Defendants also, *inter alia,* published images of, and quoted from, a handwritten statement by Lolita Carson-Grayson in which she made false allegations against Alan Grayson. She publicly recanted those allegations a day later, a video was widely disseminated demonstrating that they were false, and Lolita Carson-Grayson was subsequently held liable for Grayson's attorney's fees. The Defendants knowingly published this false information, without

noting that it had been recanted and demonstrated to be false. The information was posted on Instagram and Facebook, *inter alia.*

21. The Defendants published what were depicted as news reports, disparaging Grayson. They were edited and altered in false and misleading manners.

22. The Defendants publicly communicated numerous other statements disparaging Grayson, including but not limited to, those enumerated above. The statements were collected and repeated at the website www.floridadeservesbetter.org, which the Defendants created. These statements were made for the purpose of harming Grayson's 2018 Congressional campaign and Grayson's reputation.

23. According to reports to the Federal Election Commission ("FEC"), Progress Tomorrow spent at least $544,480.00 in Grayson's race, primarily in negative advertising against Grayson. Grayson was defeated.

24. All of these statements: (a) were made by Defendants; (b) were publicly communicated, and (c) disparaged Grayson. They were made with knowledge of their falsity, or reckless disregard of it.

25. Grayson alleges on information and belief that Defendants conspired with others [John Doe(s)] to disseminate the disparaging statements. These Defendant statements have been repeated, disseminated, and published by others, causing Grayson further injury. Defendants intended this, and they actively sought this result. Such Defendant statements are continuing violations. For instance, the above-mentioned website, www.floridadeservesbetter.org, was sustained online even after the election.

26. As a result, Grayson has suffered injury in an amount to be determined at trial, exceeding $10 Million.

27. Persons to be identified [John Doe(s)] are liable for each of the claims asserted below.

28. All general and statutory conditions precedent to bringing this action have been performed, have occurred, have been waived, or have otherwise been excused by the Defendants' actions.

<div style="text-align:center">

**COUNT I**
**DEFAMATION—LIBEL AND SLANDER**

</div>

29. Grayson sues Defendants for damages that exceed $30,000.00 and equitable relief for defamation.

30. Grayson realleges, incorporates, and asserts by reference the allegations set forth above in Paragraphs 1 through 28.

31. Defendants have made false statements of fact regarding Grayson.

32. Defendants had knowledge of the falsity, or reckless disregard of it.

33. The statements were made with actual malice.

34. One or more of these statements charged that Grayson had committed a crime; or that Grayson possesses characteristics that make him unfit as a lawyer or an elected official; or tended to subject Grayson to hatred, distrust, ridicule, contempt or disgrace; or was meant to injure Grayson in the political and legal arenas.

35. These statements were communicated, directly or indirectly, to one or more third parties.

36. The statements were accessed by third parties in this jurisdiction and venue.

37. Defendants intended them to injure Grayson's reputation and economic well-being, and they did so. As a direct and proximate result of Defendants' actions, Grayson has suffered

and will continue to suffer direct and consequential damages. The injury to Grayson included, but was not limited to, economic injury and loss of income.

38. Defendants made such statements in writing, *i.e.*, libelous statements. Grayson alleges that on information and belief that they also made such statements orally, *i.e.*, slanderous statements.

39. Given the likelihood of irreparable harm, unavailability of an adequate remedy at law, the substantial likelihood of success on the merits, and the benefit to the public, preliminary and permanent injunctions are necessary to prevent the further defamation of Grayson.

WHEREFORE, Grayson demands judgment against the Defendants for compensatory damages, reserving the right to seek punitive damages upon a proper proffer, preliminary and injunctive relief, prejudgment interest, costs, and attorneys' fees as permitted by law.

## COUNT II
## INVASION OF PRIVACY

40. Grayson sues Defendants for damages that exceed $30,000.00 for invasion of privacy.

41. Grayson realleges, incorporates, and asserts by reference the allegations set forth above in Paragraphs 1 through 28.

42. As set forth in detail above, Defendants intentionally interfered into and upon Grayson's private affairs or concerns.

43. Defendants' intrusion was highly offensive to a reasonable person. Defendants' interference and intrusion injured Grayson, *inter alia*. *See Restatement of the Law, Second, Torts* § 652.

44. As a direct and proximate result of Defendants' actions, Grayson has suffered and continues to suffer direct and consequential damages.

WHEREFORE, Grayson demands judgment against the Defendants for damages, prejudgment interest, reserving the right to seek punitive damages upon a proper proffer, costs, and attorneys' fees as permitted by law.

## COUNT III
## CYBERSTALKING

45. Grayson sues Defendants for damages that exceed $30,000.00 for cyberstalking.

46. Grayson realleges, incorporates, and asserts by reference the allegations set forth above in Paragraphs 1 through 28.

47. Defendants engaged in a course of conduct to communicate, or cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at harming Grayson.

48. Defendants caused Grayson substantial distress, serving no legitimate purpose.

49. As set forth in detail above, Defendants committed cyberstalking against Grayson, in violation of Section 784.048, Florida Statutes.

50. As a direct and proximate result of Defendants' actions, Grayson has suffered and continues to suffer direct and consequential damages.

51. Given the likelihood of irreparable harm, unavailability of an adequate remedy at law, the substantial likelihood of success on the merits, and the benefit to the public, preliminary and permanent injunctions are necessary to prevent the further cyberstalking of Grayson.

WHEREFORE, Grayson demands judgment against the Defendants for damages, prejudgment interest, preliminary and permanent injunctive relief, costs, and attorneys' fees as permitted by law.

## COUNT IV
## CIVIL CONSPIRACY

52. Grayson sues Defendants for damages that exceed $30,000.00 for civil conspiracy.

53. Grayson realleges, incorporates, and asserts by reference the allegations set forth above in Paragraphs 1 through 28.

54. As set forth in detail above, Defendants made an agreement to work together to cause Grayson injury. Grayson alleges on information and belief that other person(s), John Doe(s) (*i.e.,* natural persons or legal entities), agreed with Defendants to cause Grayson such injury. The agreement was to do one or more unlawful acts, by unlawful means. Grayson alleges on information and belief that Defendants including John Doe(s) committed overt acts in furtherance of the conspiracy.

55. As a direct and proximate result of Defendants' actions, Grayson suffered direct and consequential damages.

WHEREFORE, Grayson demands judgment against the Defendants for compensatory damages, reserving the right to seek punitive damages upon a proper proffer, prejudgment interest, costs, and attorneys' fees as permitted by law.

## COUNT V
## FRAUDULENT TRANSFER

56. Grayson sues Defendants for damages that exceed $30,000.00 for civil conspiracy.

57. Grayson realleges, incorporates, and asserts by reference the allegations set forth above in Paragraphs 1 through 28.

58. The transfers between, among and in and out of the shell companies, including but not limited to United Together and Progress Tomorrow were fraudulent transfers. Specifically, as set forth in detail above, they were made:

   a. With actual intent to hinder, delay, or defraud the creditors of these shell companies;

   b. Without receiving a reasonably equivalent value in exchange for the transfer;

   c. Leaving the assets of these shell companies unreasonably small in relation to their business;

   d. With the intent to leave these companies with no ability to pay their debts;

   e. On information and belief, Grayson alleges, to insiders;

   f. Attempting to conceal the transfers;

   g. In amounts that were substantially all of the shell companies' assets;

   h. Removing or concealing assets;

   i. Without consideration that was reasonably equivalent to the value of the transfers; and

   j. Resulting in the insolvency of the shell companies.

WHEREFORE, Grayson demands judgment against the Defendants for compensatory damages, reserving the right to seek punitive damages upon a proper proffer, prejudgment interest, costs, and attorneys' fees as permitted by law.

<u>&lt;Demand for Jury Trial and Signature on Following Page&gt;</u>

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

**Dated: August 19, 2020.**

        *s/ Tucker H. Byrd*
        **Tucker H. Byrd**
        Florida Bar No. 381632
        **Brittany M. Wages**
        Florida Bar No. 1023409
        **BYRD CAMPBELL, P.A.**
        180 Park Avenue North, Suite 2A
        Winter Park, Florida 32789
        Telephone: (407) 392-2285
        Facsimile: (407) 392-2286
        Primary Email: TByrd@ByrdCampbell.com
        Primary Email: BWages@ByrdCampbell.com
        Primary Email: Paralegal@ByrdCampbell.com
        *Attorney for Plaintiff*