**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ALAN GRAYSON,

        Plaintiff,

v.                                                                          Case No:   6:20-cv-1824-PGB-LRH

NO LABELS, INC., PROGRESS
TOMORROW, INC., UNITED
TOGETHER, INC., NANCY
JACOBSON, MARK PENN and JOHN
DOES,

        Defendants.

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**    **DEFENDANTS' MOTION TO COMPEL DISCOVERY (Doc. No. 50)**
>
> **FILED:**    October 4, 2021
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

> **MOTION:**    **DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING SUBPOENAS (Doc. No. 51)**
>
> **FILED:**    October 4, 2021

> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

**I.     BACKGROUND.**

Plaintiff Alan Grayson, a former congressional candidate, filed suit in state court against the above-named Defendants for "the vitriolic, hateful, false, and maliciously defamatory statements published about him" during his 2018 campaign.  Doc. No. 1-1, at 4 ¶ 1.  On October 2, 2020, Defendants removed the action to this Court based on diversity jurisdiction.  Doc. No. 1.  After two rounds of motions to dismiss, the operative complaint is Plaintiff's second amended complaint, filed on April 21, 2021.  Doc. No. 35.  The second amended complaint contains the following claims: (1) defamation—libel and slander (count I); (2) defamation by implication (count II); and (3) civil conspiracy (count III).  *Id.*  Defendants have answered the second amended complaint and asserted affirmative defenses.  Doc. No. 36.  Since that time, the case has proceeded in the ordinary course, with discovery set to close on December 1, 2021.  *See* Doc. No. 22, at 2.

Now before the Court are Defendants' Motion to Compel Discovery (Doc. No. 50) and Defendants' Motion for Protective Order Regarding Subpoenas (Doc. No. 51).  Plaintiff has responded in opposition to both.  Doc. Nos. 53, 54.  Thus, the matters are ripe for review.  Each motion will be addressed in turn.

**II.     MOTION TO COMPEL.**

The motion to compel concerns Defendants' Requests for Production ("RFPs"), served on Plaintiff on June 2, 2021.  Doc. No. 50, at 1; Doc. No. 50-1 (copy of RFPs).   Plaintiff served his responses and objections to the RFPs on July 9, 2021. Doc. No. 50-2 (copy of responses).   Most of Plaintiff's responses state that he will be serving responsive discovery, subject to his objections.   *See id.* (RFPs 1–7, 10–19, 23–68, 71–72, 86).   *See also* Doc. No. 54-1 (Plaintiff's amended response served on August 13, 2021, stating documents would be produced as to RFPs 1–7, 10–19, 23–68, 71–72, 86).

According to Defendants, the parties have met and conferred regarding the requests and Plaintiff's objections on several occasions.   Plaintiff produced some responsive documents on August 4, 2021 (the vast majority of which were documents Defendants produced to Plaintiff), agreed to produce additional documents by September 10, 2021 but failed to do so, and thereafter produced additional documents on September 27, 2021, but "only produced a fraction of the documents requested" and "[n]o amended responses were provided."   Doc. No. 50 ¶¶ 1–7.   Defendants also state that Plaintiff is maintaining his objections to RFPs 29, 73–79, 81–87, 89, and 90, and has not produced responsive documents to same. *Id.* ¶ 9.   Defendants contend that these requests all relate to their "truth" defense to Plaintiff's defamation claims.   *Id.* ¶ 10.

- 3 -

In response, Plaintiff does not directly address Defendants' assertions regarding the meet and confer process, Plaintiff's objections in response to the RFPs, or Plaintiff's agreement to produce certain documents. Doc. No. 54. Instead, Plaintiff claims (without specifying the RFPs which he is talking about) that the documents requested by Defendants all concern a report from the Office of Congressional Ethics ("OCE") and repudiated allegations from Plaintiff's ex-wife during divorce proceedings. *Id.* at 2. Plaintiff urges the Court to deny the motion to compel because (1) Defendants already have the OCE report and divorce case documents; (2) the OCE report and divorce case documents are available online; (3) any responsive documents are either publicly available or privileged; (4) "only a miniscule fraction of the court documents is relevant"; (5) the OCE proceedings are confidential, except the OCE report; and (6) the OCE report and divorce case documents would not support Defendants' "truth" defense. *Id.* at 3. Plaintiff cites no legal authority in support of any of his arguments.

On review, Plaintiff's contentions are unpersuasive. As an initial matter, it is not entirely clear from Defendants' motion that the requests are as limited as Plaintiff's suggests, *i.e.*, that Defendants are only seeking the OCE report and the divorce case documents through the outstanding RFPs. It appears from Plaintiff's response, however, that those are the only outstanding documents that he objects to producing. *See* Doc. No. 54. Thus, to the extent that Plaintiff previously

objected to producing other documents in response to the RFPs, but has failed to support such objections in response to the motion to compel, the Court finds those objections abandoned. *See, e.g.*, *Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned). Therefore, the Court only addresses Plaintiff's objections as it relates to producing the OCE report and the divorce case documents.

Plaintiff's objection that Defendants have equal access to the OCE report and divorce case documents because they are publicly available is unpersuasive. Courts have found that, without more, an objection that the documents are publicly available is not a sustainable objection to producing documents. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2013 WL 6170610, at *5 (M.D. Fla. Nov. 22, 2013) ("A party may not refuse to comply with a discovery request solely because the information may be available from other sources, including publicly accessible documents.").

To the extent that Plaintiff argues that the responsive documents include "privileged communications with his OCE and divorce attorneys," Doc. No. 54, at 3, Plaintiff fails to further explain this statement, or provide any legal authority in support. Accordingly, the Court could deem the perfunctory argument waived. *See generally N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998)

("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."). Moreover, the proper procedure regarding assertions of privilege is compliance with my Standing Order Regarding Privilege Logs. *See* In Re Standing Order Regarding Privilege Logs, No. 6:19-mc-32-LRH, Doc. No. 1 (M.D. Fla. June 17, 2019), *available at* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-regarding-privilege-logs. *See also Entrust Datacard Corp. v. Zeiser Gmbh*, No. 3:17-cv-110-J-39MCR, 2019 WL 12522886, at *6 (M.D. Fla. May 9, 2019) ("When a party asserts attorney-client privilege or the work product doctrine to withhold information or documents otherwise discoverable, the party must 'describe the nature of the documents, communications, or tangible things not produced or disclosed . . . without revealing information itself privileged or protected." (quoting Fed. R. Civ. P. 26(b)(5)(A))). Neither party addresses whether the procedures in the Standing Order Regarding Privilege Logs have been complied with. Absent further information from the parties, the Court will order Plaintiff to produce a privilege log, to the extent that he has not already done so, for any responsive documents withheld on the basis of privilege or the work product doctrine.

Plaintiff also argues that "only a miniscule fraction of the court documents is relevant." Doc. No. 54, at 3. Plaintiff fails to further expand on this argument, however, and it is not entirely clear to what "court documents" Plaintiff is referring

(although presumably the divorce case documents). Because Plaintiff fails to explain this statement, and likewise provides no legal authority to support this argument, the Court again finds such perfunctory argument waived. *See generally N.L.R.B.*, 138 F.3d at 1422. And even if not waived, absent additional explanation, Plaintiff's relevancy objection is overruled. *See Polycarpe v. Seterus, Inc.*, No. 6:16-cv-1606-Orl-37TBS, 2017 WL 2257571, at *4 (M.D. Fla. May 23, 2017) (overruling relevancy objections "to the extent they are not explained with specificity").

Next, Plaintiff contends that "the OCE Rules dictate that its proceedings are confidential, like grand jury proceedings, except for its report." Doc. No. 54, at 3. Once again, Plaintiff fails to provide any specificity with this statement, and Plaintiff cites no legal authority in support of his position. *See id.* Thus, the Court again finds this perfunctory argument waived. *See generally N.L.R.B.*, 138 F.3d at 1422. The Court notes that it is entirely unclear from Plaintiff's response what the confidential nature of the OCE proceedings implicates here, given Plaintiff's statement that "[t]he document requests at issue concern the OCE report and the [divorce case documents]." *See* Doc. No. 54, at 2.

Finally, Plaintiff argues that the OCE report and divorce case documents would not support Defendants' truth defense because the OCE report "simply doesn't say that [Plaintiff] is corrupt, and since [Plaintiff's ex-wife] repudiated her demonstrably false allegation." Doc. No. 54, at 3. Plaintiff again cites no legal

authority in support. *See id.* And on review, the contention is unpersuasive. Plaintiff's speculation that the discovery would not support Defendants' truth defense is not a proper question of *discoverability*, but perhaps an issue of *admissibility*, which is an issue for another day. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). *See also Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, No. 05-60860-CIV, 2007 WL 1526649, at *1 (S.D. Fla. May 22, 2007) ("[D]iscovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties.").

For these reasons, Defendants' Motion to Compel Discovery (Doc. No. 50) will be granted, and Plaintiff's objections overruled.[1]

## III. MOTION FOR PROTECTIVE ORDER.

Defendants' motion for protective order concerns Plaintiff's September 24, 2021 Notice of Intent to serve twenty (26) subpoenas for documents on third parties. Doc. No. 51-1. *See also* Doc. No. 51-2. Defendants claim that because the issues in this case are discrete and involve only "the publication of a small number of political ads just before Plaintiff's August, 2018 election," and the subpoenas contain no

---

[1] Defendants do not request any sanctions pursuant to Fed. R. Civ. P. 37(a)(5)(A), thus the Court will refrain from further considering this issue.

- 8 -

limitations "as to the specific publications, election, or timeframe at issue," the subpoenas are "patently overbroad and irrelevant." Doc. No. 51, at 2. Defendants also argue that discovery of this type will chill free speech. *Id.* at 3.

Once again Plaintiff fails to address the arguments raised by Defendants. Instead, Plaintiff first responds that Defendants lack standing to quash third-party subpoenas. Doc. No. 53, at 1. Plaintiff next argues that he has sought the information at issue from Defendants in discovery, such as by documents regarding the website floridadeservesbetter.org, but given that Defendants have not turned over the information, Plaintiff now seeks the information from third parties. *Id.* at 2. Plaintiff further contends that "Defendants attempt to rely upon objections previously struck by this Court *in toto* in its prior sanctions ruling. Further Defendants rely on an objection that *doesn't exist*, i.e., the 'privilege' of making secret political contributions." *Id.* Finally, Plaintiff argues that Defendants failed to properly confer prior to filing the motion. *Id.* at 3.

As an initial matter, Plaintiff's argument that Defendants lack standing to quash third-party subpoenas misses the mark. Although Defendants may have limited standing to quash third-party subpoenas, Defendants' motion is one for a protective order under Federal Rule of Civil Procedure 26 based on relevance. *See* Doc. No. 51. And "parties have standing to move for a protective order if a subpoena seeks irrelevant information." *Lesniak v. Geico Gen. Ins. Co.*, No. 2:19-

- 9 -

cv-494-FtM-60MRM, 2020 WL 5878022, at *3 (M.D. Fla. Apr. 17, 2020) (citing *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005)); *Schwanke v. JB Med. Mgmt. Sols., Inc.*, No. 5:16-cv-597-Oc-30PRL, 2017 WL 3034039, at *7 (M.D. Fla. July 18, 2017) (Rule 26 "gives a party standing to challenge discovery requests, including nonparty subpoenas, if the requests seek information that is not relevant." (citing authority)); *JWD Auto., Inc. v. DJM Advisory Grp. LLC*, 317 F.R.D. 587, 588–89 (M.D. Fla. 2016) ("Defendants may properly interpose objections on relevance and proportionality grounds to the discovery Plaintiff seeks to obtain from [a third party] by subpoena.").

Also, regarding Plaintiff's Local Rule 3.01(g) contentions, Plaintiff acknowledges that Defendants attempted to contact his counsel via telephone on October 4, 2021. Doc. No. 53, at 3 n.5. And after filing the motion, Defendants filed a supplemental Local Rule 3.01(g) certification stating that on October 5, 2021, the parties conferred via telephone. Doc. No. 52. Plaintiff does not dispute that representation. *See* Doc. No. 53. Given that Local Rule 3.01(g)(3) specifically outlines the procedure Defendants employed, Plaintiff's contentions regarding insufficient conferral are unpersuasive.[2]

---

[2] As to the argument that Defendants' objections were previously struck *in toto*, (Doc. No. 53, at 2), Plaintiff is incorrect. The Court can only assume Plaintiff is referencing the Court's July 16, 2021 Order, which overruled Defendants' objections to discovery

- 10 -

As to the merits, the Court agrees with Defendants that the subpoenas at issue are overbroad, unlimited in scope, and could encompass irrelevant information. The subpoenas are directed to non-parties Allan H. Selig, Peter May, Project Applecart, LLC, Rimylan Enterprises, LLC, Rising Tide Interactive, SCR Strategies, Spiros Consulting, the Pivot, Tormima, LLC, Washington Free Beacon, Anzalone Liszt Grove Research, Inc., Ascent Media, LLC, Blank Rome, Bruce Goren, Bulldog Compliance, House Majority PAC, James R. Murdoch, Jerry Reinsdorf, John Douglas Arnold, Landscape Media, LLC, Laura Arnold, Lawton Connect, Inc., Louis M. Bacon, Margaret White, Minino Productions, LLC, and Nelson Peltz. Doc. No. 51-2.  Each of the subpoenas seeks the same document production from each of these non-parties, as follows:

1. All documents referring or relating to Alan Grayson.
2. All documents referring or relating to No Labels, Inc. or No Labels.
3. All documents referring or relating to Nancy Jacobson.
4. All documents referring or relating to Mark Penn.
5. All documents referring or relating to Progress Tomorrow, Inc.

---

propounded *to Defendants* on the basis that Defendants failed to timely respond to Plaintiff's motion to compel. *See* Doc. No. 39; *see also* Doc. No. 45.  Nowhere did the Court state that Defendants were precluded from raising objections in response to third-party subpoenas, and again, Plaintiff provides no authority for this bald statement.

6. All documents referring or relating to United Together, Inc.

7. All documents referring or relating to any Primary or General U.S. House of Representatives election in Florida in 2018.

8. All documents referring or relating to any member or former member of Alan Grayson's family.

9. All documents referring or relating to any entity affiliated with No Labels.

10. All documents referring or relating to Rep. Darren Soto.

11. All documents referring or relating to Margaret White.

*Id.*

The subpoenas are unlimited in temporal scope and are patently overbroad insofar as they seek "[a]ll documents referring or relating to" several different individuals, and are in no way limited to the issues in this case. Thus, Defendants' argument that the subpoenas are overbroad and will target potentially irrelevant information is well taken. *See, e.g.*, *Sheets v. Sorrento Villas, Section 5, Ass'n, Inc.*, No. 8:15-cv-1674-T-30JSS, 2016 WL 11493318, at *3 (M.D. Fla. May 9, 2016) (finding third-party subpoena overbroad and to encompass irrelevant information when the subpoena was not limited in timeframe and included records unrelated to the claims, and the subpoena sought "all documents"); *Al-Rayes v. Willingham*, No. 3:15-cv-107-J-34JBT, 2016 WL 9527957, at *5 (M.D. Fla. June 22, 2016) (finding protective

order warranted as to third-party subpoenas that were overbroad and sought irrelevant information; the subpoenas were broad enough to "encompass a great deal of irrelevant calls, text messages, and/or data usage that is entirely unrelated to any claim or defense in this case").

Accordingly, the Court finds that the motion for protective order (Doc. No. 51) is due to be granted.[3]  However, this Order would not preclude Plaintiff from seeking to serve more narrowly tailored subpoenas on the non-parties at issue.

## IV.  CONCLUSION.

For the reasons discussed herein, it is **ORDERED** as follows:

1. Defendants' Motion to Compel Discovery (Doc. No. 50) is **GRANTED**. On or before **October 29, 2021**, Plaintiff shall produce to Defendants all outstanding documents in his current possession, custody, or control responsive to Defendants' Request for Production.  *See* Doc. Nos. 50-1, 50-2, 54-1.  On or before **October 29, 2021**, Plaintiff shall also serve on Defendants an amended response to the RFPs.[4]  With the exception

---

[3] Because the motion for protective order is due to be granted based on the relevancy and overbreadth objections raised by Defendants, the Court declines to address Defendants' remaining contention that the third-party subpoenas will chill free speech. *See* Doc. No. 51, at 3.

[4] The amended response shall clearly indicate whether all responsive documents have been produced as to each discovery request, whether Plaintiff has no responsive discovery to any particular discovery request, or a privilege objection to the applicable

of privilege, Plaintiff's objections to these discovery requests are **OVERRULED**. To the extent that Plaintiff withholds any responsive documents based on privilege or work product, on or before **October 29, 2021**, Plaintiff shall serve on Defendants a privilege log in compliance with my Standing Order Regarding Privilege Logs,[5] to the extent that Plaintiff has not already done so.

2. Defendants' Motion for Protective Order Regarding Subpoenas (Doc. No. 51) is **GRANTED**. To the extent that the subpoenas (Doc. No. 51-2) have not yet been served, they are hereby **QUASHED**. *See Paxton v. Landesk Software, Inc.*, 332 F.R.D. 368, 370 (M.D. Fla. 2019). Insofar as Plaintiff has already served the subpoenas on the third parties,[6] Plaintiff shall immediately serve a copy of this Order on each of the subpoenaed entities/persons and direct them not to produce any documents pursuant to the subpoenas. *See id.* This Order would not

---

discovery requests, supported by a privilege log, as appropriate.

[5] *See* In Re Standing Order Regarding Privilege Logs, No. 6:19-mc-32-LRH, Doc. No. 1 (M.D. Fla. June 17, 2019), *available at* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-regarding-privilege-logs.

[6] The subpoenas indicate compliance was required on October 8, 2021. *See* Doc. No. 51-2.

preclude Plaintiff from seeking to serve more narrowly tailored subpoenas on the non-parties at issue.

**DONE** and **ORDERED** in Orlando, Florida on October 15, 2021.

*/s/ Leslie R. Hoffman*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record