## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ALAN GRAYSON,**

                    **Plaintiff,**

**v.**                                    **Case No: 6:20-cv-1824-PGB-LRH**

**NO LABELS, INC., PROGRESS
TOMORROW, INC., UNITED
TOGETHER, INC., NANCY
JACOBSON, MARK PENN and
JOHN DOES,**

                    **Defendants.**

_____/

## ORDER

This cause is before the Court on Plaintiff's Objection (Doc. 56 (the

"**Objection**")) to Magistrate Judge Hoffman's Order Granting Defendants'

Motion to Compel Discovery and Motion for Protective Order (Doc. 55 (the

"**Order**")).[1] Defendants filed a response in opposition. (Doc. 57). Upon

consideration, the Objection is overruled.

## I.    BACKGROUND

As is relevant here, Defendants served Plaintiff with Requests for Production

("**RFP**") on June 2, 2021, and Plaintiff served his responses and objections thereto

on July 9, 2021. (Docs. 50-1, 50-2). On October 4, 2021, Defendants filed a Motion

---

[1]  Plaintiff only contests Magistrate Judge Hoffman's ruling as to Defendants' Motion to Compel
Discovery, and therefore the Court only addresses this portion of the Order. (Doc. 56, p. 1 n.1).

to Compel Discovery, requesting Magistrate Judge Hoffman to overrule Plaintiff's objections, direct Plaintiff to provide all remaining responsive documents, and require Plaintiff to provide amended responses. (Doc. 50). In support of their request, Defendants alleged that: Plaintiff produced some documents on August 4, 2021, most of which Defendants had previously produced themselves; Plaintiff failed to adhere to the deadlines established at the parties' conferrals and then "only produced a fraction of the documents requested" without serving amended responses; and Plaintiff maintained objections to several of Defendants' requests and refused to produce responsive documents to those requests, which pertain to the falsity element of Plaintiff's defamation claim. (*Id.*).

On October 11, 2021, Plaintiff responded to Defendants' Motion to Compel Discovery, arguing that all of Defendants' requests relate to an Office of Congressional Ethics report ("**OCE Report**") and Plaintiff's ex-wife's repudiated allegations during divorce proceedings ("**Divorce Documents**"). (Doc. 54). Plaintiff further argued that: (1) Defendants already have the OCE Report and the Divorce Documents; (2) the OCE Report and the Divorce Documents are available online; (3) any responsive documents are publicly available or privileged; (4) "only a miniscule fraction of the court documents is relevant"; (5) except for the OCE Report, other OCE documents and proceedings are confidential; and (6) the OCE Report and the Divorce Documents do not support Defendants' veracity defense. (*Id.*). Plaintiff did not cite to any legal authority in support of his arguments, and he did not specify the requests in dispute. (*Id.*).

On October 15, 2021, Magistrate Judge Hoffman filed the instant Order and found, as an initial matter, that because Plaintiff focused solely on the OCE Report and the Divorce Documents in his response to Defendants' Motion to Compel Discovery, he abandoned any objections to the production of other documents. (Doc. 55, pp. 4–5). Magistrate Judge Hoffman then determined that: (1) "without more, an objection that the documents are publicly available is not a sustainable objection to producing documents"; (2) Plaintiff's argument regarding the relevancy of the Divorce Documents[2] is perfunctory and, therefore, waived or overruled; (3) Plaintiff's argument regarding the confidentiality of OCE proceedings is perfunctory and, therefore, waived[3]; and (4) "Plaintiff's speculation that the discovery would not support Defendants' truth defense is not a proper question of *discoverability*, but perhaps an issue of *admissibility*, which is an issue for another day." (*Id.* at pp. 5–8). Accordingly, Magistrate Judge Hoffman ordered Plaintiff to produce all outstanding responsive documents in his possession and to serve an amended response to Defendants' RFP on or before October 29, 2021. (*Id.* at p. 13).

Magistrate Judge Hoffman also recognized that Plaintiff perfunctorily argued that the responsive documents include privileged communications with his

---

[2]   Magistrate Judge Hoffman noted that Plaintiff's reference to "court documents" presumably means the Divorce Documents. (*Id.* at pp. 6–7). The Court agrees.

[3]   Magistrate Judge Hoffman also noted that "it is entirely unclear from Plaintiff's response what the confidential nature of the OCE proceedings implicates here, given Plaintiff's statement that the document requests at issue concern the OCE [R]eport." (*Id.* at p. 7) (internal quotations omitted).

OCE and divorce attorneys and that neither party addressed her Standing Order Regarding Privilege Logs. (*Id.* at pp. 5–6). Thus, Magistrate Judge Hoffman ordered Plaintiff to produce a privilege log for any responsive documents withheld on the basis of privilege or the work product doctrine on or before October 29, 2021. (*Id.* at p. 6).

On October 28, 2021, Plaintiff filed the instant Objection to Magistrate Judge Hoffman's Order, and the matter is ripe for review.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) authorizes a district court reviewing a litigant's objection to a magistrate judge's non-dispositive order to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *see also Howard v. Hartford Life & Accident Ins. Co.*, 769 F. Supp. 2d 1366, 1372 (M.D. Fla. 2011). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotations omitted).

## III.   DISCUSSION

Court addresses each of the arguments raised in Plaintiff's Objection in turn. The Court then considers Plaintiff's request for an extension of time to comply with Magistrate Judge Hoffman's Order to the extent the Court overrules his Objection.

### A.   Relevancy

First, Plaintiff contends that the Divorce Documents are irrelevant because none of the defamatory statements at issue arose from his divorce proceedings but rather from Plaintiff's ex-wife's restraining order request against Plaintiff, which she later withdrew as false. (Doc. 56, p. 8). Plaintiff states that the relevant issue "is whether the Defendants knew or had reason to know that they were republishing [Plaintiff's ex-wife's] false statements," not whether his ex-wife accused him of domestic abuse, citing *McArdle v. City of Ocala, Fla.*, 451 F. Supp. 3d 1304 (M.D. Fla. 2000). (*Id.* at p. 9). Plaintiff further argues that Defendants cannot "identify *any* statement in their smear campaign that *actually appears* in the OCE [R]eport," stating that the OCE Report does not show Plaintiff "carrying a silver attaché case he doesn't own, with $150,000+ cash he doesn't have, flying to a place that he has never been to, sitting in a chaise lounge on a beach he has never seen, drinking an alcoholic beverage that he never drinks." (*Id.* at p. 10).

Defendants counter that Plaintiff's ex-wife repeatedly reported instances of abuse by Plaintiff over 20 years, and therefore the Divorce Documents likely contain corroborating evidence of abuse that would negate the falsity element of Plaintiff's defamation claim and establish Defendants' veracity defense. (Doc. 57,

p. 8). Defendants state that Plaintiff conflates the falsity and actual malice elements of his defamation claim and that Defendants are entitled to seek discovery as to falsity, not just actual malice, distinguishing *McArdle* as a case involving entirely different claims and entirely different facts.[4] (*Id.* at p. 9). Defendants assert that Plaintiff not only mischaracterizes the advertisement at issue, but he also overlooks the fact that the OCE Report shows Plaintiff "did indeed operate a hedge fund in the Caymans while a member of Congress, thus negating the falsity element of Plaintiff's defamation claim." (*Id.* at p. 10).

As Magistrate Judge Hoffman stated in her Order, Plaintiff's qualms are admissibility questions, not discovery questions. *See* FED. R. CIV. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). Moreover, relevance is a broad standard, and "[t]he Federal Rules of Civil Procedure 'strongly favor full discovery whenever possible.'" *Poleon v. Lines*, No. 6:14-cv-2034, 2016 WL 1030803, at *1 (M.D. Fla. Mar. 15, 2016) (quoting *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir.

---

[4]   In *McArdle*, the plaintiffs presented a constitutional challenge against a city ordinance prohibiting "lodging in the open," arguing that they were involuntarily unsheltered due to the lack of available beds in homeless centers and the lack of low-barrier shelters. 451 F. Supp. 3d at 1307–08. The city requested 10 years' worth of the plaintiffs' medical records in support of their defense that the plaintiffs were unsheltered because of their own "voluntary" conduct (*i.e.*, behavioral, mental health, and substance abuse issues). *Id.* at 1309–10. In this context, the *McArdle* court stated that "what appears highly relevant is not so much whether [p]laintiffs actually suffered from substance abuse or other conditions, but whether the shelters perceived them to have substance abuse issues (or other issues) that disqualified them from eligibility at the shelters." *Id.* at 1312. By contrast, as pointed out by Defendants, Plaintiff's defamation claim involves two distinct elements that cannot be blurred together: (1) the statements must be false and (2) Defendants must have published the statements with actual malice. *See Turner v. Wells*, 879 F.3d 1254, 1262, 1272 (11th Cir. 2018) (listing the elements of a defamation claim under Florida law).

1985)). The Divorce Documents and the OCE Report appear facially relevant to Plaintiff's defamation claim and Defendants' veracity defense considering these documents relate to the subjects of Defendants' allegedly defamatory statements. *See Poleon*, 2016 WL 1030803, at *1 ("Relevance is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *Lesi v. Wells Fargo Bank NA*, 297 F.R.D. 665, 667 (M.D. Fla. 2014) ("When the discovery requested appears relevant on its face, then the party objecting to the discovery based upon relevance has the burden to show the requested discovery is not relevant."); *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, No. 05-60860, 2007 WL 1526649, at *1 (S.D. Fla. May 22, 2007) ("[D]iscovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action.").[5]

Relatedly, Plaintiff argues that the production of the Divorce Documents and the documents related to the OCE Report is disproportionate to the needs of this

---

[5] Even if Defendants' requests were not facially relevant, any doubt concerning relevancy of requested discovery is resolved in favor of discovery. *Poleon*, 2016 WL 1030803, at *1 (citing *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556 (7th Cir. 1984)).

Additionally, Plaintiff asserts that, in their Motion to Compel Discovery, Defendants only listed the disputed requests by number (rather than quoting them) and did not explain how those requests relate to their veracity defense. (Doc. 56, p. 11). Magistrate Judge Hoffman was able to determine and rule on the requests at issue, and the Court is at a loss as to how this supposed deficiency in Defendants' Motion to Compel Discovery renders Magistrate Judge Hoffman's Order clearly erroneous or contrary to law.

case and unduly burdensome. (Doc. 56, pp. 14–17). Plaintiff states that "[t]here are approximately 400 e-mails between [Plaintiff] and his OCE attorney" that have not been listed in a privilege log and that "Defendants did not have access to anything other than the OCE [R]eport and its exhibits when they inserted their mendacious 'citations' to the OCE [R]eport in their smears against [Plaintiff]." (*Id.* at pp. 14–15). Plaintiff further states that his divorce is ongoing, that "[t]here have been well over 500 court filings," that Plaintiff's attorney "possesses 23 boxes of case files," and that "[t]here are more than [2,000] e-mails between [Plaintiff] and his divorce/annulment attorneys, which have not been listed in a privilege log." (*Id.* at p. 16). In a footnote, Plaintiff asserts that "[i]t would require a monumental effort merely to segregate the attorney-client privileged information and attorney work product from other court records in those boxes, much less to create a privilege log for such privileged documents." (*Id.* at p. 16 n.13).

Defendant counters that the "emails and documents exchanged in the OCE investigation, beyond the exhibits published by the OCE, are highly likely to assist Defendants in proving that the ethics violations levied against Plaintiff were true." (Doc. 57, p. 14). Defendant also counters that the fact "the records are contained in 23 boxes is not dispositive on the 'proportionality' issue" and that these records "are completely germane to disproving Plaintiff's contention that the [20 years] of abuse allegations levied by his ex-wife are false." (*Id.*).

Importantly, Plaintiff did not raise this issue before Magistrate Judge Hoffman, and therefore the Court is under no obligation to consider it here. *See*

*Pigott v. Sanibel Development, LLC*, No. 07-0083, 2008 WL 2937804, at *5 n.9 (S.D. Ala. July 23, 2008) (collecting cases and noting that, in reviewing a magistrate judge's non-dispositive ruling, the district court does not consider matters not placed before the magistrate judge); *cf. Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge").[6] Nonetheless, given the Court's findings as to the relevancy of these documents, the Court does not consider this amount of discovery disproportionate or unduly burdensome. *See Oppenheimer Fund*, 437 U.S. at 358 ("Under [the discovery] rules, the presumption is that the responding party must bear the expense of complying with discovery requests . . ."); *Sallah v. Worldwide Clearing LLC*, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012) (stating that a party objecting to a discovery request as vague, overly broad, or unduly burdensome

---

[6]   Notably, in footnotes, Plaintiff's Objection raises two other arguments not presented to Magistrate Judge Hoffman for her consideration. First, Plaintiff argues that Defendants' request for "All documents concerning any defamation actions by Plaintiff against any third parties" is invalid because such information is publicly available online, Defendants already have this information, and such information is irrelevant to the case. (Doc. 56, p. 12 n.8). However, Defendants respond that "[d]iscovery of documents from [other defamation actions by Plaintiff against any third parties] would be highly relevant to damages and proximate cause insofar as Plaintiff would be claiming the same damages from different parties and seeking a double recovery." (Doc. 57, p. 13 n.4). Second, Plaintiff argues that Defendants' request for his tax returns is irrelevant. (Doc. 56, p. 10 n.7). Defendants respond that Plaintiff's tax returns "bear[] on OCE findings that Plaintiff hid income on public disclosures," which is relevant to the falsity of Defendants' allegedly defamatory statements concerning Plaintiff's professional misconduct. (Doc. 57, p. 10).

As stated above, the Court does not have to consider these arguments. And, importantly, Magistrate Judge Hoffman properly held that Plaintiff abandoned his objections to the production of documents other than the OCE Report and the Divorce Documents by failing to support those objections in his response to Defendants' Motion to Compel Discovery. (Doc. 55, pp. 4–5).

"must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome" and that "claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome").

In fact, Plaintiff's citation to *Clark v. Hercules, Inc.*, No. 2:13-cv-794, 2017 WL 3316311 (M.D. Fla. Aug. 3, 2017) illustrates the Court's point. (Doc. 56, pp. 9–10). In *Clark*, the plaintiff objected to the defendant's request for all lawsuits in which he was a party, arguing that, as a real estate broker for approximately 25 years, he was a party to "scores and scores of litigations along with many other cases and [cannot] remember all the names" and that his disability made it cumbersome to "go to courthouse to courthouse." *Id.* at *12 (internal quotations omitted). That is obviously not the situation here. Discovery is not unduly burdensome because Defendants only request information about (1) Plaintiff's divorce case and (2) the OCE's investigation as to Plaintiff's professional conduct, and Plaintiff admits that he currently possesses this information.

### B.   Availability

Second, Plaintiff argues that Defendants already have the OCE Report and the Divorce Documents and that the OCE Report and the Divorce Documents are publicly available online. (Doc. 56, p. 12). Plaintiff states "[t]here are multiple federal court decisions where a motion to compel has been denied because the movant had equal access to the requested documents from a website or other non-party source," citing non-binding case law outside of the Eleventh Circuit. (*Id.*).

Defendants counter that the Divorce Documents "are not publicly accessible via the Court's database" and that they seek more than just court filings (*e.g.*, sealed documents, discovery, communications). (Doc. 57, p. 12). Defendants also assert that they seek all non-public documents concerning the OCE's investigation of Plaintiff in Plaintiff's possession, "not just those cited by the OCE as exhibits" in the OCE Report. (*Id.* at pp. 12–13).

As correctly stated in Magistrate Judge Hoffman's Order, "[a] party may not refuse to comply with a discovery request solely because the information may be available from other sources, including publicly accessible documents." *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-CV-557, 2013 WL 6170610, at *5 (M.D. Fla. Nov. 22, 2013).[7] Plaintiff erroneously equates *equal* access to information with *public* availability of information online. *See, e.g.*, *Amerisure Ins. Co. v. FCCI Ins. Co.*, No. 8:18-cv-3042, 2019 WL 8358710, at *3 (M.D. Fla. Nov. 6, 2019) (stating that a plaintiff "need not produce those documents that are public record *and* equally accessible" to the defendant as they are to the plaintiff, but, otherwise, the plaintiff must produce "all responsive documents" (emphasis added)). It is unclear, at best, whether Defendants have *equal* access to the publicly filed Divorce Documents on the Florida courts' electronic filing portal; the parties do not discuss whether Defendants have a portal account or whether the Divorce Documents are free on

---

[7] Plaintiff attempts to distinguish this case by noting that the *Wiand* court ultimately denied the defendant's requests as "overbroad." (Doc. 56, p. 13). However, the *Wiand* court's resolution of the issue on proportionality grounds does not affect its determination that a party cannot object on the basis that the information may be available from another source. *See* 2013 WL 6170610, at *4–5.

this or another website. *Cf. Hollis v. Dep't of Mental Health*, No. 3:14CV00516, 2016 WL 1408077 (D. Conn. Apr. 8, 2016).[8] Moreover, Defendants clearly do not have any access to the non-public information in Plaintiff's possession.

### C.    Privilege

Third, Plaintiff argues that the OCE operates under strict confidentiality rules and, other than the OCE Report and the accompanying exhibits, the OCE did not authorize "any other release of information." (Doc. 56, p. 17). Relying on the OCE website and a 2008 House of Representatives Resolution, Plaintiff states that "[i]t would violate [c]ongressionally-charted OCE rules and undermine the OCE's investigative authority—which depends on confidentiality—to allow discovery of the information generated during an investigation that remains confidential." (*Id.*). Defendant counters that "the prohibition on public disclosure inures only to the benefit of the OCE as opposed to Plaintiff" and that Plaintiff cannot "cloak himself with the same privileges afforded to the OCE employees." (Doc. 57, p. 15).

Magistrate Judge Hoffman noted that Plaintiff failed to cite any legal authority in support of this novel position, and the Court now notes that Plaintiff still fails to point to any supporting case law in his Objection. The Court is unaware

---

[8]    Plaintiff relies on *Hollis* to support his argument that Defendants have equal access to information because it is publicly available online. (Doc. 56, p. 13). However, in *Hollis*, the plaintiff requested "a copy of all lawsuits which have been filed within the last five [] years against the Department [of Mental Health] which assert claims of discrimination, harassment, retaliation and/or a hostile work environment." 2016 WL 1408077, at *5. The District Court of Connecticut logically ruled that the parties have equal access to this information because "[c]ounsel for plaintiff has a PACER account and is able to conduct a search of 'Department of Mental Health and Addiction Services' and variations on that title to locate any cases filed in this District. Such information is similarly available without charge on the State of Connecticut Judicial Branch website." *Id.*

of a privilege benefitting a party in possession of non-public OCE investigation documents, and it declines to create a privilege where one does not exist.

## D.  Extension of Time

Finally, Plaintiff includes a request for a six-week extension of time to comply with Magistrate Judge Hoffman's Order at the end of the Objection, stating that it is "impossible" for him to comply in a two-week period. (Doc. 56, p. 18). However, the Court notes that Plaintiff filed the instant Objection one day before Magistrate Judge Hoffman's deadline for producing all outstanding responsive documents in his possession, serving an amended response to Defendants' RFP, and producing a privilege log for any responsive documents withheld on the basis of privilege or the work product doctrine. (*See* Docs. 55, 56). And, in the interim between the entry of Magistrate Judge Hoffman's Order and the filing of Plaintiff's Objection, Plaintiff did not file a distinct motion for an extension of time to comply with the Order for Magistrate Judge Hoffman's review. Because the pendency of Plaintiff's embedded request for an extension of time does not relieve him of his obligation to comply with Magistrate Judge Hoffman's Order, and the October 29, 2021 deadline has already passed, Plaintiff is in violation of the Order.

Furthermore, Defendants state that the Objection—and Plaintiff's failure to timely comply with Magistrate Judge Hoffman's Order—has hampered their ability to prepare for Plaintiff's November 9, 2021 deposition. (Doc. 57, pp. 16–17). Given that the discovery deadline is December 1, 2021, Defendants assert that a six-week extension would "preclud[e] [them] from seeking relief in the event the

production is incomplete," prevent them from seeking "any further discovery on the documents produced," and "encroach on Defendants' ability to timely prepare and file a summary judgment motion by January 3, 2021, as required under the Court's [Case Management] Scheduling Order." (*Id.* at p. 18). Thus, any extension of time—much less a six-week extension—inhibits the orderly disposition of this case as set out in the Court's Case Management Scheduling Order, and Plaintiff has not shown good cause for such a departure from the Court's deadlines. *See* FED. R. CIV. P. 16(b)(4).

### E.   CONCLUSION

For these reasons, the Court **OVERRULES** Plaintiff's Objection (Doc. 56), **AFFIRMS** Magistrate Judge Hoffman's Order Granting Defendants' Motion to Compel Discovery and Motion for Protective Order, and **ORDERS** Plaintiff to immediately comply with the same.

**DONE AND ORDERED** in Orlando, Florida on November 17, 2021.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties