**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ALAN GRAYSON,

        Plaintiff,

v.                                          Case No:   6:20-cv-1824-PGB-LRH

NO LABELS, INC.,
PROGRESS TOMORROW, INC.,
UNITED TOGETHER, INC.,
NANCY JACOBSON,
MARK PENN and
JOHN DOES

        Defendants.

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S MOTION FOR RESTRICTION ON USE AND DISSEMINATION OF TAX RETURNS (Doc. 60)
>
> **FILED:** November 19, 2021
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On June 2, 2021, Defendants served Plaintiff with Requests for Production ("RFPs"). (Doc. 50-1). On October 4, 2021, when Plaintiff failed to produce

several documents in response to the RFPs, Defendants filed a motion to compel Plaintiff to produce all remaining responsive documents. (Doc. 50). One of the RFPs that Defendants stated Plaintiff failed to adequately respond to is RFP 78, which seeks "Plaintiff's tax returns from 2015 to present." (*Id.*; *see* Doc. 50-1, at 13 ¶ 78). By Order dated October 15, 2021, the undersigned granted Defendants' motion to compel, ordering, among other things, Plaintiff's production of documents responsive to RFP 78 on or before October 29, 2021. (Doc. 55). And on November 17, 2021, the Court affirmed the undersigned's October 15, 2021 Order over Plaintiff's objection and ordered Plaintiff to immediately comply with the same. (Doc. 58).

By the present motion, Plaintiff seeks an order "restricting the use and dissemination" of his and his wife's joint tax returns. (Doc. 60). Plaintiff acknowledges that the Court has ordered production of documents responsive to RFP 78, *i.e.*, the tax returns. (*Id.*, at 2). However, Plaintiff asks the Court to enter an order "limiting the dissemination of the tax returns to Defendants' counsel only, limiting their use to this case only, and ordering their destruction at the conclusion of this case." (*Id.*, at 3). Plaintiff argues that it would contradict Florida precedent to allow Defendants unrestricted use of his tax returns, and that it would be unfair to Plaintiff's wife to permit Defendants access to her tax returns simply by virtue of her marriage to Plaintiff. (*Id.*).

Plaintiff further represents that Defendants proposed a protective order in this case several months ago, which Plaintiff did not believe to be necessary at the time, but that Defendants have "flipflopped" now that the Court has ordered Plaintiff's production of the tax returns at issue and refuse to agree to a protective order. (*Id.*, at 2). Defendants respond that Plaintiff previously rejected Defendants' request for a mutual confidentiality order, and acknowledge that they have in turn rejected Plaintiff's recent request for the same. (Doc. 62, at 2-3). Thus, it appears that the parties do not presently have a confidentiality agreement amongst themselves.

Courts in this District have previously recognized the confidential nature of tax returns and have limited their dissemination and use, even in the absence of a stipulated confidentiality agreement amongst the parties. *See, e.g.*, *Steffen v. Akerman Senterfitt, & Eidson, P.A.*, No. 8:04-cv-1693-T-24MSS, 2005 WL 8160100, at *4 (M.D. Fla. July 21, 2005) ("The Court takes notice of the confidential nature of an individual's tax returns. Accordingly, said tax returns shall be produced under a strict understanding of confidentiality. Defendants shall not disclose these tax returns to any persons other than counsel, their legal assistants and staff, and expert witnesses. Said tax returns shall be used solely for the purposes of this litigation."); *Coach, Inc. v. Visitors Flea Mkt., LLC*, No. 6:11-cv-1905-Orl-19TBS, 2013 WL 5770598, at *3 (M.D. Fla. Oct. 24, 2013) (recognizing that tax returns "routinely contain

sensitive financial information and society tends to view and treat tax returns as confidential documents" and therefore ordering parties to meet and confer to come to an agreement on confidentiality with respect to ordered production of tax returns). *See also E.E.O.C. v. DiMare Ruskin, Inc.*, No. 2:11-cv-158-FtM-36SPC, 2011 WL 3715067, at *4 (M.D. Fla. Aug. 24, 2011) ("Courts have broad discretion at the discovery stage to determine whether or not a protective order is appropriate and what degree of protection is required.").

In light of this authority, and given that Defendants have not cited any relevant authority to the contrary, the Court finds it appropriate to limit dissemination of Plaintiff's tax returns.[1]  Given the impending December 1, 2021 discovery deadline, and the apparent inability of the parties and their counsel to litigate in a cooperative manner, the Court will decline to require the parties to meet and confer to draw up their own confidentiality agreement.  Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Motion for Restriction on Use and Dissemination of Tax Returns (Doc. 60) is **GRANTED**;

---

[1] In one sentence, Defendants argue that Plaintiff, as a candidate for public office, "should expect the public's interest in his finances, which are at issue." (Doc. 62, at 3). However, Defendants have cited no legal authority to suggest that Plaintiff's status as a candidate for public office would preclude the Court from limiting dissemination of his tax returns.

- 4 -

2. On or before **5:00 p.m. on Tuesday, November 30, 2021**, Plaintiff shall produce to Defendants documents responsive to RFP 78; i.e., his tax returns from 2015 to present.  Given that Plaintiff was originally ordered to produce these, and other responsive documents, on October 15, 2021, (Doc. 55), and in light of the Presiding District Judge's order directing immediate compliance with same (Doc. 58), this deadline will not be further extended;

3. Dissemination of Plaintiff's tax returns shall be limited to Defendants' counsel only.  Further, said tax returns shall be used solely for the purposes of this litigation, and Defendants shall not retain the tax returns beyond 90 days after this case is closed and all appeals exhausted;

4. **Failure to comply with this Order may result in sanctions**.

**DONE** and **ORDERED** in Orlando, Florida on November 23, 2021.

*[signature: Leslie R. Hoffman]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record