IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALAN GRAYSON,

    Plaintiff,

v.                                                     CASE NO.: 6:20-cv-01824-PGB-LRH

NO LABELS, INC.;
PROGRESS TOMORROW,
INC.; UNITED TOGETHER, INC.;
NANCY JACOBSON, MARK PENN,
and JOHN DOE(S)

    Defendants.
_____/

**DEFENDANT MARK PENN'S DECLARATION IN SUPPORT OF**
**DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

I, MARK PENN, make the following declaration in support of *Defendants' Motions for Summary Judgment*:

1. My name is Mark Penn and I am over 21 years of age and have personal knowledge of the facts set forth in this Declaration.

2. I am married to Nancy Jacobson.

3. I am the founder of a company called Stagwell Group, which acquires interests in marketing service companies.

4. I had no involvement with respect to the publication, ordering, direction, procurement, creation, research, vetting, or approval of any political ads regarding Alan Grayson.

5. Further, I had no involvement whatsoever with respect to fundraising for any campaign regarding or publication of ads against Alan Grayson.

6. I was not involved whatsoever in the selection of any vendors used in any campaign or publication of ads against Alan Grayson.

7. Neither I nor Stagwell Group have any ownership or financial interest or involvement whatsoever with respect to any vendors used in any campaign regarding or involved in publication of ads against Alan Grayson.

8. I was not involved in any polling regarding Alan Grayson.

9. I was not part of any agreement with respect to the publication of any ads regarding Alan Grayson, much less an agreement to defame.

10. Further, at all relevant times, I had no involvement whatsoever with Progress Tomorrow, Inc. and have no knowledge of or participation in its activities regarding Alan Grayson.

11. In fact, prior to the commencement of this lawsuit by Alan Grayson, I had no knowledge of Alan Grayson.

12. The only reason I have been named in this lawsuit is because, at the request of my wife, Nancy Jacobson, I attended a meeting with an entity named Rimylan Enterprises, LLC, to do an independent assessment of their work, which was deemed to be unsatisfactory and Rimylan was then terminated. Rimylan then commenced a separate unrelated lawsuit saying I was "calling the shots" for No Labels, Inc., which is false as I had no such involvement with No Labels, Inc.

13. Further, with respect to testimony at my deposition on November 24, 2021 regarding a purported meeting of No Labels, Inc. at the Harmonie Club in New York on December 5, 2017, I was mistaken as to my attendance at that meeting. Upon review of my phone and calendar records, I confirmed that I was actually in Washington D.C. on that date, not New York, and was thus not in attendance. A copy of my calendar for that date is attached hereto as Exhibit A. I was confused with another meeting that I had attended at the Harmonie Club several years prior, which had no relation to this lawsuit in any way.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 3, 2022.

_____
MARK PENN

# EXHIBIT "A"

