# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALAN GRAYSON,**

               **Plaintiff,**

**v.**                                  **Case No: 6:20-cv-1824-PGB-LHP**

**NO LABELS, INC., PROGRESS
TOMORROW, INC., UNITED
TOGETHER, INC., NANCY
JACOBSON, MARK PENN and
JOHN DOES,**

               **Defendants.**

_____/

## ORDER

This cause is before the Court on Plaintiff Alan Grayson's Objection (Doc. 101 (the "**Objection**")) to a non-dispositive order issued by Magistrate Judge Leslie Hoffman-Price (Doc. 86 (the "**Order**")) and Defendants No Labels, Inc., Progress Tomorrow, Inc., United Together, Inc., Nancy Jacobson, and Mark Penn's response in opposition (Doc. 112). Upon consideration, the Court finds that the Objection is due to be overruled.

Ultimately, this matter arises from Plaintiff's Motion to Compel Production of Documents Within Defendants' Control, filed the day before the close of discovery. (Doc. 67 (the "**Motion**")). Specifically, the Motion claims that Defendants used certain third-party vendors in their "smear campaign" against Plaintiff, and it broadly seeks an order compelling Defendants to obtain "all

responsive, non-privileged documents" from these vendors pursuant to Federal Rule of Civil Procedure 34, which requires a responding party to produce documents in its "possession, custody, or control" to the requesting party. (*Id.*). Under Rule 34, the Eleventh Circuit broadly construes the term "control" and defines it as "not only [] possession, but [] the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *see Desoto Health & Rehab, L.L.C. v. Philadelphia Indem. Ins. Co.*, No. 2:09-cv-599, 2010 WL 4853891, at *3 (M.D. Fla. Nov. 22, 2010) ("Control is defined as a party's legal right, authority, or practical ability to obtain the materials sought on demand." (internal quotations omitted)).

Importantly, the party seeking production bears the burden of proving that the responding party has "control" over the requested documents. *See Supreme Fuels Trading FZE v. Sargeant*, No. 08-81215-Civ, 2011 WL 13172599, at *3 (S.D. Fla. Sept. 15, 2011) ("Although a good faith averment that documents are not within a party's possession is usually sufficient to resolve the issue of a party's failure to produce, a discovering party may overcome such averment by making an adequate showing that the other party has possession, custody, or control of the requested documents." (first citing *Zervos v. S. S. Sam Houston*, 79 F.R.D. 593, 595–96 (S.D.N.Y. 1978); and then citing *Golden Trade, S.r.L. v. Lee Apparel Co.*, 143 F.RD. 514, 525 n.7 (S.D.N.Y. 1992)); *Siegmund v. Xuelian*, No. 12-62539-CIV, 2016 WL 1359595, at *2 (S.D. Fla. Apr. 6, 2016) ("The Plaintiff, as the party seeking production of the documents, bears the burden of proving that [Defendants] have

such control."). However, in his Motion, Plaintiff only states that "[t]he vendors here did 'work for hire,'" and, therefore "Defendants have *both* the legal right to obtain such documents, and the 'practical ability' to obtain them." (*Id.* at p. 3) (emphasis in original).

Magistrate Judge Hoffman-Price's Order reviews the Motion, evaluates the parties' supplemental briefs on the issue of "control" (Docs. 77, 82), and concludes Plaintiff fails to satisfy his burden of proof:

> [A]lthough Plaintiff explains, in detail, his allegations that Defendants are mere shell companies and that Defendants were involved in the creation of the advertising campaigns at issue in this case, Plaintiff does not explain how this equates to any of the Defendants having control over any of the identified non-party vendors, such that Defendants have the "right, authority, or practical ability" to demand any responsive documents from the non-party vendors. Notably, Plaintiff does not contend that Defendants own or are affiliated with any of these non-party vendors; rather, they are independent, separate companies from Defendants.
>
> Instead, all Plaintiff[] [has] done is further expand on the fact that Defendants hired these separate non-party vendors to perform work for Defendants. And simply showing that Defendants hired non-parties to perform work is not sufficient to establish—even under this Circuit's broad definition of "control"—that Defendants have the "right, authority, or practical ability" to demand any documents from these vendors.

(Doc. 86, pp. 11–12).[1]

Plaintiff now brings the instant Objection. Federal Rule of Civil Procedure 72(a) authorizes a district court reviewing a litigant's objection to a magistrate

---

[1]   In her Order, Magistrate Judge Hoffman-Price also grants in part and denies in part Plaintiff's Motion to Compel Testimony of Lolita Grayson. (*Id.* at pp. 15–20). Plaintiff does not contest this ruling, and therefore the Court does not address it. (Doc. 101, p. 1 n.1).

judge's non-dispositive order to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *see also Howard v. Hartford Life & Accident Ins. Co.*, 769 F. Supp. 2d 1366, 1372 (M.D. Fla. 2011). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotations omitted).

Plaintiff objects to Magistrate Judge Hoffman-Price's ruling on several grounds, none of which are persuasive. First, the Objection implies that the Order applies the wrong legal standard, stating that "[a]lthough the movant bears the burden of establishing control, the movant needs to establish only a *prima facie* case of control" under *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197 (1958). (Doc. 101, p. 18). The Order already correctly addresses this argument:

> Plaintiff reads too much into this decision. The Supreme Court nowhere holds that a party's burden is merely that of a "*prima facie* case["];] to the contrary, the Supreme Court's mention of "*prima facie* case" is limited to a recitation of the procedural history and rulings from the lower courts. That is all. [*Id.*] at 200. Instead, the Supreme Court expressly states that it is not "intimating any view upon the merits of the litigation" but simply "accept[s] as amply supported by the evidence the findings of the two courts below . . . *Id.* at 204.

(Doc. 86, p. 8 n.4).[2]

Second, the Objection reiterates a plethora of case law citations purportedly supporting its position that "work for hire" constitutes "control" under Rule 34. (Doc. 101, pp. 21–23). The Order already distinguishes these cases from the instant action:

> For example, *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194 (11th Cir. 2016) . . . involve[s] affiliated corporate entities and discuss[es] how the related corporate structures establish control. . . . *Ghost Controls, LLC v. Gate1Access LLC*, No. 5:20-cv-288[], [2021 WL 4033280] (M.D. Fla. Sept. 3, 2021), involved a motion to compel a party to obtain bank records and canceled checks from the party's financial institutions, where there is clearly the legal right to request such documents and enforce compliance with any requests. Similarly, *Santiago v. J & J Casework, Inc.*, No. 6:08-cv-1569[], 2009 WL 756142 (M.D. Fla. Mar. 18, 2009), involved a party that contracted with a third-party to prepare tax returns and payroll records, and the party clearly had the authority to request those documents, and enforce that request if necessary. *Mendez v. Land Investors, Corp.*, No. 2:12-cv-158[, 2013 WL 607908] ([M.D. Fla.] Feb. 19, 2013) involved a third-party that was admittedly an "authorized agent" and representative of the defendant, and documents

---

[2]   When discussing the legal standard for "control" under Rule 34, the Objection argues that Defendants "woefully mischaracterize[]" the Eleventh Circuit's opinion in *Searock*. (Doc. 101, pp. 19–20). Notably, this is not a challenge to the Order, and therefore the Court does not need to address it, particularly as the Court finds that the Order accurately summarizes and quotes from that case. (*See* Doc. 86, pp. 6, 12–13).

Nevertheless, the Court briefly notes that the Objection misconstrues *Searock*. In that case, the defendant, during his deposition, volunteered to obtain documents from various repair shops and promised to send a list of and receipts regarding lost personal property. 736 F.2d at 651. As to the documents from the repair shops, the Eleventh Circuit held that the defendant did not have "control" under Rule 34, despite his offer to write to the repair shops in question. *Id.* at 653–54. As to "the documents over which he may have indicated he had 'control' in whatever sense," the court held that there was "no evidence that [he] acted willfully, in bad faith or was at fault in failing to produce the documents which he attempted and was unable to obtain" and, therefore, the district court abused its discretion by dismissing his counterclaim. *Id.* at 654. The Objection cites this "good faith effort" language out of context; unlike the *Searock* defendant, Defendants argue they have no "control" over the documents in the third-party vendors' possession, and therefore the "good faith effort" inquiry is inapposite. (Doc. 112, p. 10).

> within the agent's possession would be within the defendant's control. And both *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 799 F.2d 1510 (11th Cir. 1986) and *Cherestal v. Sears [] Roebuck & Co.*, No. 6:12-cv-1681[], 2013 WL 5305671 (M.D. Fla. Sept. 20, 2013) involved the attorney-client relationship and a client's ability to control documents in the possession of the client's current and/or former attorneys. I note that Defendants have represented that they have produced documents in the possession of their former counsel, Blank Rome LLP. The only decision that comes somewhat close to the present dispute is *Mayan v. Mayan*, No. 6:15-cv-2183[], 2017 WL 1426631] (Apr. 21, 2017); however in that case, control was limited to specific documents, such as leases, contracts, or transactions that the plaintiff was a party to, as well as the plaintiff's own tax returns. Here, however, Plaintiff broadly requests any and all documents related to himself, and Plaintiff has made no showing that such broadly defined categories of information would be within the Defendants' control as it pertains to third-party vendors under a "work for hire" relationship.

(Doc. 86, pp. 13–14 n.6). The Court agrees with the Order's assessment of these cases as well as its observation that "these decisions merely emphasize[] the fact-specific nature of the inquiry to determine whether 'control' exists, and in each of the cases cited, the facts show a relationship where control existed, beyond simply a 'work for hire' relationship." (*Id.*).

Finally, the Objection contends that the Order "is contrary to the record" because one of Defendants' vendors—Spiros Consulting, Inc. ("**Spiros**")—produced documents at Defendants' request, and "[t]here is no reason why any other vendors would act differently from Spiros, if the Defendants were to make that [same] request." (Doc. 101, pp. 10–11, 15). The Objection also posits that the fact Defendants sent document retention letters to their vendors is evidence of "control" pursuant to Rule 34. (*Id.* at pp. 6–8, 15). However, as Defendants note,

"the fact that a single non-party, Spiros[,] voluntarily agreed to produce documents does not mean that Defendants exercise control over Spiros, and definitely does not establish that Defendants exercise control over any of the other vendors." (Doc. 112, p. 15). Additionally, neither the Motion nor Plaintiff's supplemental brief directly raises the argument concerning Defendants' document retention letters for Magistrate Judge Hoffman-Price's review, and therefore this Court does not have to consider it. (Docs. 67, 77); *see Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (holding that the district court does not abuse its discretion by declining to consider an argument that was not presented to the magistrate judge). Nonetheless, the Order comments on a similar argument regarding Plaintiff's document retention letter to Defendants, which Defendants forwarded to their vendors:

> I am also not persuaded by Plaintiff's unsupported contention that Defendants forwarded document retention letters to any of these third-party vendors. Plaintiff has presented no authority even suggesting that forwarding such a letter equates to control and the practical ability to request documents from these vendors, much less enforce compliance with that request. To the contrary, Defendants have presented evidence in the form of deposition testimony showing that Defendants were not affiliated with or controlled the non-party vendors.

(Doc. 86, p. 12 n.5). To the extent the Motion and Plaintiff's supplemental brief alludes to Defendants' document retention letters, the Court finds that the Order's logic regarding Plaintiff's document retention letter applies with equal force.[3]

---

[3]   The Court finds it worthwhile to note that a document retention letter actually implies a lack of "control." Simply put, if Defendants possessed "control" over their vendors, a document retention letter would be unnecessary.

For these reasons, the Court finds that Magistrate Judge Hoffman's Order is not clearly erroneous or contrary to law. Accordingly, the Court **OVERRULES** Plaintiff's Objection (Doc. 101) and **AFFIRMS** Magistrate Judge Hoffman's Order (Doc. 86).

**DONE AND ORDERED** in Orlando, Florida on February 17, 2022.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties