[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 22-11740

Non-Argument Calendar

_____

ALAN GRAYSON,

                Plaintiff-Appellant,

versus

NO LABELS, INC.,
PROGRESS TOMORROW, INC.,
UNITED TOGETHER, INC.,
NANCY JACOBSON,
MARK PENN, et al.,

                Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cv-01824-PGB-LHP

_____

Before WILLIAM PRYOR, Chief Judge, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

  Alan Grayson appeals the summary judgment against his second amended complaint of defamation, defamation by implication, and civil conspiracy by No Labels, Inc., its founder, Nancy Jacobson, her husband, Mark Penn, and two defunct political action committees, Progress Tomorrow, Inc., and United Together, Inc. Grayson alleged that his reputation was tarnished and he lost his seat in the United States House of Representatives because the defendants falsely denounced him for profiteering and for spousal abuse. The district court ruled that the defendants' reference to reliable publications in their mailings and online postings evidenced they acted without actual malice and were not liable for defamation and that Grayson's claim of civil conspiracy failed as a matter of law. We affirm.

  Grayson filed a complaint in a Florida court against the defendants, who removed the action to federal court, *see* 28 U.S.C. § 1332, and then moved to dismiss. The district court dismissed Grayson's complaint without prejudice for failure to state a claim of defamation, invasion of privacy, cyberstalking, civil conspiracy,

Case 6:20-cv-01824-PGB-LHP   Document 175   Filed 10/21/22   Page 3 of 10 PageID 11804
USCA11 Case: 22-11740   Date Filed: 10/21/2022   Page: 3 of 8

22-11740                Opinion of the Court                3

or fraudulent transfer. *See* Fed. R. Civ. P. 12(b)(6). Grayson's amended complaint of defamation, invasion of privacy, and civil conspiracy suffered a similar fate. *See id.*

With leave from the district court, Grayson filed a second amended complaint against the defendants for defamation, defamation by implication, and civil conspiracy. Grayson alleged that the defendants, "acting through Progress Tomorrow," disparaged him using the mail, internet postings, and the website "FloridaDeservesBetter.org." Those materials touted that a "Congressional Ethics Investigation Found Alan Grayson Abused His Office for Financial Gain" and "to enrich himself," that he "[h]id income on his public disclosures," and that he "[u]sed taxpayer resources to conduct his high-risk investor scheme." One mailing depicted Grayson sitting in a chaise lounge on the beach in Grand Cayman with a drink close at hand. A two-sided mailing had, on one side, a man carrying an attache case striding to a jet bound for Grand Cayman and, on the other side, an opened attache case containing a passport bearing Grayson's photo with dollar signs for eyes and 15 stacks of $100 bills. A third mailing accused Grayson of abusing his former wife. On Facebook, the defendants touted that Grayson "used international government travel to drum up business for his hedge fund," "used Congressional staff to work for the fund," and had a hostile incident with a reporter.

Progress Tomorrow moved for summary judgment and argued there was no evidence that its publications were false or distributed with actual malice, and the other defendants moved for

Case 6:20-cv-01824-PGB-LHP   Document 175   Filed 10/21/22   Page 4 of 10 PageID 11805
USCA11 Case: 22-11740   Date Filed: 10/21/2022   Page: 4 of 8

4                    Opinion of the Court                   22-11740

similar relief on the ground they were uninvolved in the publications. Progress Tomorrow submitted copies of its mailings and online postings, which cited to various news websites and directed readers to visit "FloridaDeservesBetter.org," which contained hyperlinks to a congressional report and news articles about Grayson and his divorce proceedings. The defendants also submitted copies of articles about Grayson's business and personal affairs in the *New York Times*, *Politico*, *Washington Post*, *Orlando Weekly*, and *Vanity Fair*; police reports; and his former wife's deposition.

Some of the defendants' mailings urged readers to examine a "nearly 1,000 page report" produced after a "congressional ethics investigation" of Grayson. Investigators found that Grayson, "an attorney who often worked on litigation involving the federal government," created a hedge fund during his first term in office from which "on at least one occasion . . . [he] appear[ed] to have received compensation"; he "managed a Virginia-based corporation that used the Grayson name and provided legal services involving a fiduciary relationship"; and he "agreed to receive contingent fees in cases in which the federal government had a direct and substantial interest . . . during his time in Congress." The report described omissions from "Grayson's annual financial disclosure forms concerning assets, income, agreements and positions" "significantly related to . . . the Grayson Hedge Fund and . . . [his] interest in law firms and pending litigation" and Grayson's role as a "limited partner in three energy-sector limited partnerships, all of which had agreements with the federal government" while he was a member

Case 6:20-cv-01824-PGB-LHP   Document 175   Filed 10/21/22   Page 5 of 10 PageID 11806
USCA11 Case: 22-11740   Date Filed: 10/21/2022   Page: 5 of 8

22-11740                Opinion of the Court                 5

of Congress. The report also described "multiple instances in which a congressional staffer[,] . . . who was also employed by the Grayson Hedge Fund, used official time and resources to work for the hedge fund" and for Grayson and how Grayson misused campaign resources.

The district court granted the defendants' motions for summary judgment. The district court ruled that the defendants' "reasonable reliance on previously published reports from . . . independent, reputable sources rebut[ted] the presence of actual malice" and rendered Grayson's "defamation claims not viable." The district court declined to consider Grayson's "various theories and conjectures regarding [the] Defendants' liability" that lacked evidentiary support, Grayson's "cease and desist letter characterizing Defendants' publications as defamatory," or his allegations of additional defamatory statements in his opposition to summary judgment. The district court also ruled that, without any actionable defamation, Grayson's "civil conspiracy claim also fail[ed]."

We review *de novo* the summary judgment against Grayson's second amended complaint and view the evidence in the light most favorable to him as the nonmovant. *See Edward Lewis Tobinick, MD v. Novella*, 848 F.3d 935, 943 (11th Cir. 2017). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Florida provides causes of action for defamation and defamation by implication. Defamation requires publication of a

Case 6:20-cv-01824-PGB-LHP   Document 175   Filed 10/21/22   Page 6 of 10 PageID 11807
USCA11 Case: 22-11740   Date Filed: 10/21/2022   Page: 6 of 8

6                     Opinion of the Court                  22-11740

defamatory statement that is false and that causes its subject actual damages. *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). Defamation by implication occurs when "literally true statements are conveyed in such a way as to create a false impression . . . ." *Id.* at 1108.

For a public figure like Grayson to prevail on his claims of defamation, he must prove that the defendants acted with actual malice. *See Berisha v. Lawson*, 973 F.3d 1304, 1312, 1314 n.6 (11th Cir. 2020); *Rapp*, 997 So. 2d at 1106, 1108. In *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), the Supreme Court held that the First Amendment requires a public figure to prove that a defamatory statement was made with actual malice to recover damages. *Id.* at 279–80. That standard applies equally to the media and non-media because both decide what "facts to include in their publication." *Turner v. Wells*, 879 F.3d 1254, 1271 (11th Cir. 2018); *see Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 352 (2010). A public figure must prove "—well beyond a preponderance of the evidence—that the defendants published a defamatory statement either with actual knowledge of its falsity or with a high degree of awareness of its probable falsity." *Berisha*, 973 F.3d at 1312 (internal quotation marks omitted).

The district court did not err by granting summary judgment against Grayson's claims of defamation and defamation by implication. Grayson submitted no evidence from which a jury might plausibly infer that the defendants distributed statements "with knowledge that [the statements] were false or with reckless

Case 6:20-cv-01824-PGB-LHP   Document 175   Filed 10/21/22   Page 7 of 10 PageID 11808
USCA11 Case: 22-11740    Date Filed: 10/21/2022    Page: 7 of 8

22-11740               Opinion of the Court                        7

disregard of whether [they were] false or not," *Sullivan*, 376 U.S. at 279–80. The defendants' mailings and online postings cite source materials, including an official congressional report, articles in well-known newspapers and magazines, and police reports. The defendants' "reliance on these many independent sources, alone, . . . defeat[s] any claim of actual malice." *Berisha*, 973 F.3d at 1313. And it does not matter that, as Grayson argues, republication of defamatory statements is defamation because "a reasonable juror would not conclude (clearly and convincingly) that [the defendants would] h[ave] serious doubts about the truth of" the information they were repeating. *See id.* at 1312.

Grayson argues that the district court "'cherry-picked' the defamatory statements as to which it considered actual malice," but we disagree. The district court correctly refused to consider defamatory statements Grayson alleged in his opposition to summary judgment that he had omitted from—and never sought to add by amendment to—his second amended complaint. *See Dukes v. Deaton*, 852 F.3d 1035, 1046 (11th Cir. 2017). Grayson identifies no allegedly defamatory statement in his second amended complaint that the district court overlooked.

The district court also correctly entered summary judgment against Grayson's claim of civil conspiracy. "Under Florida law, the gist of a civil conspiracy is not the conspiracy itself but the civil wrong which is done through the conspiracy which results in injury to the Plaintiff." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1067 (11th Cir. 2007) (internal quotation marks omitted).

Case 6:20-cv-01824-PGB-LHP   Document 175   Filed 10/21/22   Page 8 of 10 PageID 11809
USCA11 Case: 22-11740   Date Filed: 10/21/2022   Page: 8 of 8

8                           Opinion of the Court                           22-11740

Because "a claim that is found not to be actionable cannot serve as the basis for a conspiracy claim," *id.*, and Grayson cannot prove actual malice to support his claims of defamation, his claim of a civil conspiracy fails as a matter of law.

Grayson's challenges to the dismissal of his claims of invasion of privacy, cyberstalking, and fraudulent transfer are not properly before us. "[A]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). Grayson abandoned his claims of cyberstalking and fraudulent transfer by failing to replead them in his amended complaint. And Grayson abandoned his claim of invasion of privacy by omitting it from his second amended complaint.

We **AFFIRM** the summary judgment in favor of No Labels, Jacobson, Penn, Progress Tomorrow, and United Together.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 21, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 22-11740-AA
Case Style: Alan Grayson v. No Labels, Inc., et al
District Court Docket No: 6:20-cv-01824-PGB-LHP

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call T. L. Searcy, AA at (404) 335-6180.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs