# United States District Court
## Middle District Of Florida
### Orlando Division

ALAN GRAYSON,

        Plaintiff,

v.                              Case No:   6:20-cv-1824-PGB-LHP

NO LABELS, INC., PROGRESS
TOMORROW, INC., UNITED
TOGETHER, INC., NANCY
JACOBSON, MARK PENN and JOHN
DOES,

        Defendants

_____

### Report and Recommendation

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following

motion filed herein:

| |
|---|
| **MOTION:**   **DEFENDANTS' MOTION FOR ENTITLEMENT TO ATTORNEYS' FEES PURSUANT TO SECTION 768.79, FLORIDA STATUTES WITH INCORPORATED MEMORANDUM OF LAW (Doc. No. 165)** |
| **FILED:**    **June 3, 2022** |
| _____ |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.** |

## I.    BACKGROUND.

This case stems from Plaintiff Alan Grayson's ("Plaintiff's") unsuccessful 2018 campaign for Congress.   Plaintiff filed suit in state court against Defendants No Labels, Inc., Progress Tomorrow, Inc., United Together, Inc., Nancy Jacobson, and Mark Penn (collectively, "Defendants") for "the vitriolic, hateful, false, and maliciously defamatory statements published about him" during his 2018 campaign.   Doc. No. 1-1, at 4 ¶ 1.   On October 2, 2020, Defendants removed the action to this Court based on diversity jurisdiction.   Doc. No. 1.   After two rounds of motions to dismiss, the operative complaint was Plaintiff's second amended complaint, filed on April 21, 2021.   Doc. No. 35.   *See also* Doc. Nos. 28, 34.   The second amended complaint contained the following claims: (1) defamation—libel and slander (count I); (2) defamation by implication (count II); and (3) civil conspiracy based on the alleged defamation (count III).   *Id.*   Plaintiff sought compensatory damages, prejudgment interest, and injunctive relief, and he reserved his right to seek punitive damages and attorneys' fees.   Doc. No. 35, at 18, 21, 23.   Defendants answered the second amended complaint and asserted affirmative defenses.   Doc. No. 36.

On May 20, 2022, the Court granted Defendants' motions for summary judgment in their entirety.   Doc. No. 159.   *See* Doc. Nos. 94–95.   Judgment was entered in favor of Defendants and against Plaintiff on May 23, 2022.   Doc No. 162.

Plaintiff appealed, *see* Doc. Nos. 163, 167, but the Eleventh Circuit Court of Appeals affirmed on December 27, 2022, *see* Doc. Nos. 175, 176.

Now before the Court is Defendants' Motion for Entitlement to Attorneys' Fees Pursuant to Section 768.79, Florida Statutes.   Doc. No. 165.   In the motion, Defendants seek an order determining that they are entitled to recover from Plaintiff their attorneys' fees incurred in this matter from May 25, 2021 onward, based upon Fla. Stat. § 768.79 and proposals for settlement that they each served on Plaintiff, and which Plaintiff did not accept.  *Id.*   Defendants estimate that their total fees are approximately $1,058,236.00.  *Id.* at 7.

Plaintiff timely opposes.   Doc. No. 178.   *See also* Doc. No. 177 (permitting Plaintiff through January 11, 2023, to file a response to the fee motion).   Plaintiff raises several arguments in response, including that (1) because he raised claims for injunctive relief, Fla. Stat. § 768.79 does not apply; (2) Defendants' proposals for settlement failed to comply with the procedural requirements set forth in Fla. R. Civ. P. 1.442; (3) the proposals for settlement were defective in several other respects; and (4) the proposals for settlement were not made in good faith.   Doc. No. 178.

After Plaintiff filed the response, Defendants filed a "Notice of Supplemental Authority," noting that they filed a reply brief in the Eleventh Circuit responding

to identical issues raised by Plaintiff in opposition to the fees issue here.   Doc. No. 179.   *See Grayson v. No Labels, et al.*, No. 22-11740, Doc. 35 (11th Cir. Jan. 11, 2023).

Defendants' motion (Doc. No. 165) was referred to the undersigned, and the matter is ripe for review.

On the same day as the fee motion, Defendants also filed a proposed bill of costs, which is supported by evidence of the costs incurred.   *See* Doc. No. 166. Defendants seek total taxable costs of $5,289.60, which includes the $400.00 filing fee for the notice of removal and $4,889.60 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case.   *Id.*   Plaintiff has filed an Objection to Taxation of Costs, based upon his appeal of the judgment, and arguing that the transcript fee for his deposition is excessive.   Doc. No. 172.   *See also* Doc. No. 169.   Defendants have filed a response in opposition to Plaintiff's objections.   Doc. No. 174.   Thus, the matter of costs is ripe for review as well.[1]

Upon consideration, the undersigned will respectfully recommend that Defendants' Motion for Entitlement to Attorneys' Fees Pursuant to Section 768.79, Florida Statutes (Doc. No. 165) be granted, and that the Court find Defendants entitled to an award of attorneys' fees from May 25, 2021 onward, pursuant to the

---

[1] While Plaintiff sought an extension of time to respond to Defendants' motion for attorneys' fees, *see* Doc. No. 171, at 5–6, Plaintiff has never sought an extension of time to raise further objections to Defendants' proposed bill of costs.

proposals for settlement.   The undersigned will further recommend that the Court award Defendants their taxable costs.

## II.     LEGAL FRAMEWORK.

### A.     <u>Fla. Stat. § 768.79</u>.

Federal courts sitting in diversity jurisdiction apply the substantive law of the forum state and federal procedural law.   *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011).   "This circuit has found [Fla. Stat.] § 768.79" — which is the offer of judgment statute — "to be substantive law for *Erie* purposes." *Jones v. United Space Alliance, L.L.C.*, 494 F.3d 1306, 1309 (11th Cir. 2007); *Horowitch*, 645 F.3d at 1258 ("[W]e conclude that the offer of judgment statute is substantive as a matter of this Court's precedent.").   *See also* Fla. R. Civ. P. 1.442 (related state rule of civil procedure for offers of judgment/proposals for settlement); *Horowitch*, 645 F.3d at 1258 (observing that some sections of Rule 1.442 are substantive as well); *Divine Motel Group, LLC v. Rockhill Ins. Co.*, 722 F. App'x 887, 890 (11th Cir. 2018) ("Rule 1.442(b) applies in federal court because it is substantive for *Erie* purposes.").[2]

Section 768.79 provides in relevant part:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover

---

[2] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36-2.

> reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.   Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award. . . .

Fla. Stat. § 768.79(1).

To be valid under Fla. Stat. § 768.79, an offer of judgment must:   (1) be made in writing and state that it is being made pursuant to the statute; (2) name the party making the offer and the party to whom it is made; (3) state with particularity the amount offered to settle a claim for punitive damages, if any; and (4) state its total amount.   Fla. Stat. § 768.79(2)(a)–(d).   *See Romero v. Liberty Mut. Fire Ins. Co.*, No. 6:18-cv-1551-Orl-41GJK, 2020 WL 8459231, at *1 (M.D. Fla. Mar. 4, 2020), *report and recommendation adopted*, 2020 WL 8459233 (M.D. Fla. Nov. 10, 2020).   The offer of judgment must also comply with Florida Rule of Civil Procedure 1.442.   *Id.*

If an offer satisfies the requirements of § 768.79 and Rule 1.442, "[t]he sole basis on which a court can disallow an entitlement to an award of fees is if it determines that [the] offer was not made in good faith."   *McMahan v. Toto,* 311 F.3d 1077, 1083 (11th Cir. 2002) (alterations in original) (quoting *Levine v. Harris*, 791 So. 2d 1175, 1177 (Fla. 4th Dist. Ct. App. 2001)).   "The offeree bears the burden of proving the offeror's proposal was not made in good faith."   *Hill v. Allianz Life Ins.*

*Co. of N. Am.*, No. 6:14-cv-950-Orl-41KRS, 2018 WL 3635107, at *7 (M.D. Fla. Apr. 12, 2018), *report and recommendation adopted*, 2018 WL 4627290 (M.D. Fla. Sept. 27, 2018) (quoting *Liggett Grp., Inc. v. Davis*, 975 So. 2d 1281, 1285 (Fla. 4th Dist. Ct. App. 2008)).

Generally speaking, Fla. Stat. § 768.79 applies only in an "action for damages," and thus does not apply in cases seeking equitable relief. *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 374 (Fla. 2013).

B.    Costs Under Fed. R. Civ. P. 54.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."   Fed. R. Civ. P. 54(d)(1).   "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs."   *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)).   Such costs, however, may not exceed those permitted by 28 U.S.C. § 1920, which delineates the allowable costs as:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under 28 U.S.C. § 1923;

(6) Compensation of court appointed experts, interpreters, and costs of special interpretation services.

"The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses." *TMH Med. Servs., LLC v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 6:17-cv-920-Orl-37DCI, 2020 WL 5984040, at *2 (M.D. Fla. Sept. 22, 2020) (citing *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994)). However, "[w]hen challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." *Miles v. Provident Life & Accident Ins. Co.*, No. 6:08-cv-69-Orl-18KRS, 2009 WL 10670312, at *1 (M.D. Fla. Nov. 16, 2009).

## III.   ANALYSIS.

A.   <u>Defendants' Entitlement to Attorneys' Fees</u>.

Defendants submit for the Court's review proposals for settlement that each of them served on Plaintiff on May 25, 2021. Doc. No. 165-1, at 2, 4–23. Each of the Defendants offered to pay Plaintiff $500.00 in full settlement of all of Plaintiff's claims against them, inclusive of any claims of attorneys' fees and punitive

damages.   *Id.* at 4–5, 8–9, 12–13, 16–17, 20–21.   The proposals for settlement also required Plaintiff to execute a general release.   *Id.* at 5, 9, 13, 17, 21.   The proposals for settlement further provided that if they were not accepted in writing within thirty (30) days, they would be deemed rejected by Plaintiff.   *Id.* at 6, 10, 14, 18, 22.

In their motion, Defendants ask the Court to find them entitled to fees pursuant to the proposals for settlement, arguing that they are the prevailing parties, that the requirements of Fla. Stat. § 768.79 have been satisfied, and that the proposals for settlement were made in good faith.   Doc. No. 165.   Plaintiff raises several arguments in response, including that because he sought injunctive relief in this case, Fla. Stat. § 768.79 does not apply; Defendants' proposals for settlement fail to comply with several procedural requirements or are otherwise defective; and the proposals for settlement were not made in good faith.   Doc. No. 178.   Each of Plaintiff's arguments will be addressed in turn.

First, Plaintiff points to his initial complaint filed in state court to argue that he sought injunctive relief in this case as to his claims for defamation, cyberstalking, and fraudulent transfer, and thus, because he sought injunctive relief, Fla. Stat. § 768.79 does not apply.   Doc. No. 178, at 7[3] (discussing Doc. No. 1-1, at 8–11). Upon review, however, Plaintiff "abandoned his claims of cyberstalking and

---

[3] Pinpoint citations to Plaintiff's briefing refers to the pagination provided by CM/ECF, rather than the internal pagination provided by Plaintiff.

fraudulent transfer by failing to replead them in his amended complaint." Doc. No. 175, at 8; *Grayson v. No Labels, Inc.*, No. 22-11740, 2022 WL 12144181, at *3 (11th Cir. Oct. 21, 2022). *See also* Doc. No. 35. And Defendants did not serve their proposals for settlement until approximately one month after Plaintiff filed his second amended complaint. *See* Doc. Nos. 35, 165-1. Thus, to the extent that Plaintiff points to the cyberstalking and fraudulent transfer claims in the initial state court complaint, I find such argument unpersuasive.[4]

The question, then, is whether Plaintiff's reference to injunctive relief related to the defamation and civil conspiracy claims in the second amended complaint would be sufficient to render Fla. Stat. § 768.79 inapplicable. In the second amended complaint, Plaintiff recites as to both defamation claims that "[g]iven the likelihood of irreparable harm, unavailability of an adequate remedy at law, the substantial likelihood of success on the merits, and the benefit to the public, preliminary and permanent injunctions are necessary to prevent the further defamation of [Plaintiff]." Doc. No. 35, at 18, 21. As for his civil conspiracy claim, Plaintiff simply requests "injunctive relief" in the "wherefore" clause. *Id.* at 23.

Related to this issue, the Eleventh Circuit Court of Appeals previously certified the following question to the Florida Supreme Court:

---

[4] Notably, in the initial state court complaint, Plaintiff did not seek injunctive relief related to the fraudulent transfer claim. *See* Doc. No. 1-1, at 14–15.

DOES FLA. STAT. § 768.79 APPLY TO CASES THAT SEEK EQUITABLE RELIEF IN THE ALTERNATIVE TO MONEY DAMAGES; AND, EVEN IF IT DOES NOT GENERALLY APPLY TO SUCH CASES, IS THERE ANY EXCEPTION FOR CIRCUMSTANCES IN WHICH THE CLAIM FOR EQUITABLE RELIEF IS SERIOUSLY LACKING IN MERIT?

*Horowitch*, 645 F.3d at 1263–64, *certified question answered*, 107 So. 3d 362 (Fla. 2013). The Florida Supreme Court answered both parts of that question in the negative, holding that "section 768.79 does not apply to an action in which a plaintiff seeks both damages and equitable relief, and in which the defendant has served a general offer of judgment that seeks release of all claims."  *Diamond Aircraft*, 107 So. 3d at 374.   The Florida Supreme Court further "reject[ed] a possible exception under section 768.79 for equitable claims that lack serious merit."  *Id.* at 375.

"Nevertheless, the presence of a request for nonmonetary relief is not always dispositive."  *B & D Nutritional Ingredients, Inc. v. Unique Bio Ingredients, LLC*, 855 F. App'x 503, 507 (11th Cir. 2021) (discussing *Diamond Aircraft*).  "Florida state courts interpret *Diamond Aircraft* by looking beyond the procedural posture of a complaint to assess the 'true relief' a party seeks, and apply section 768.79 if it is damages."  *Illoominate Media, Inc. v. CAIR Fla., Inc.*, No. 22-10718, 2022 WL 4589357, at *2 (11th Cir. Sept. 30, 2022) (citing *MYD Marine Distrib., Inc. v. Int'l Paint Ltd.*, 187 So. 3d 1285, 1287 (Fla. 4th Dist. Ct. App. 2016)).  *See also B & D Nutritional Ingredients*, 855 F. App'x at 507 ("Since *Diamond Aircraft*, Florida appellate courts

have continued to resolve disputes over the application of § 768.79 by discerning whether the 'true relief' sought in the action is money damages.").

Here, I will recommend the Court find that Fla. Stat. § 768.79 applies, and reject Plaintiff's arguments to the contrary.   As an initial matter, courts have recognized a "fundamental difference between a claim lacking serious merit that seeks cognizable relief, and a claim that seeks relief which is not even cognizable." *Berman v. Kafka*, No. 3:13-cv-1109-J-JBT, 2015 WL 12940184, at *3 (M.D. Fla. July 10, 2015).    Plaintiff's second amended complaint raises claims solely related to defamation.   *See* Doc. No. 35 (Count I – defamation (libel and slander), Count II – defamation by implication, Count III – conspiracy).   However, it is well settled under Florida law that equitable, injunctive relief is ordinarily not available for claims of defamation.   *See Moore v. City Dry Cleaners & Laundry*, 41 So. 2d 865, 873 (Fla. 1949) ("[A] court of equity will not enjoin the commission of a threatened libel or slander; for the imposition of judicial restraints in such a case would clearly amount to prior censorship, a basic evil denounced by both the Federal and State constitutions.   An action at law will ordinarily provide a full, adequate an[d] complete remedy in such cases . . . ."); *Belmondo v. Amisial*, 337 So. 3d 856, 857 (Fla. 3d Dist. Ct. App. 2022) ("The remedy for defamatory statements lies in an action at law for damages."); *Curvey v. Avante Grp., Inc.*, 327 So. 3d 401, 403 (Fla. 5th Dist. Ct. App. 2021) ("[T]emporary injunctive relief is not available to prohibit the making of

defamatory statements" because "[i]n the case of defamatory statements, there is an adequate remedy at law—an action for damages[;]" and noting limited exception where "the defamatory statements are made in the furtherance of the commission of another intentional tort"); *Demby v. English*, 667 So. 2d 350, 355 (Fla. 1st Dist. Ct. App. 1995) ("[W]e address and readily dispose of the frivolous claim for injunctive relief in Count II of the complaint, *i.e.*, the request that appellant be enjoined from 'writing or otherwise making further defamatory statements' about appellee.   It is a 'well established rule that equity will not enjoin either an actual or a threatened defamation.'" (quoting *United Sanitation Services, Inc. v. City of Tampa,* 302 So. 2d 435 (Fla. 2d Dist. Ct. App. 1974))).   Thus, even if Plaintiff had prevailed on his claims, he would not have been able to obtain any equitable, injunctive relief, and therefore the "true relief" sought in this case was monetary damages.[5]

Moreover, although Plaintiff purports to plead preliminary and permanent injunctive relief in the second amended complaint (in a wholly conclusory fashion), Plaintiff never filed a motion for injunctive relief or otherwise sought injunctive relief in this case.   *See Illoominate Media, Inc.*, 2022 WL 4589357, at *2 (rejecting the argument that Fla. Stat. § 768.79 did not apply based, in part, on the fact that the

---

[5] Plaintiff did not allege in his second amended complaint, nor argue in any filings – including his opposition to the present fees motion – that the alleged defamation was made in furtherance of the commission of another intentional tort.

plaintiff only made a conclusory prayer for injunctive relief, and never filed a motion for preliminary injunction or temporary restraining order). *See also MYD Marine Distrib.*, 187 So. 3d at 1287 (Fla. Stat. § 768.79 applied and proposals for settlement valid where the plaintiff "did not actually pursue any nonmonetary relief during the course of the litigation and instead only sought money damages"). Nor does it appear that Plaintiff could have, as Plaintiff alleged no ongoing harm to be enjoined. *See* Doc. No. 35 (alleging past actions by Defendants allegedly constituting defamation). *See also Illoominate Media, Inc.*, 2022 WL 4589357, at *2 (rejecting the argument that Fla. Stat. § 768.79 did not apply based upon, among other things, a complaint alleging harm phrased in the past tense).

In sum, the "true relief" sought by Plaintiff in the amended complaint was compensatory damages. *See* Doc. No. 35. *See also Illoominate Media, Inc.*, 2022 WL 4589357, at *2. Plaintiff "cannot dodge responsibility for [the] choice to continue litigation" by a mere "glancing gesture toward injunctive relief" in the amended complaint. *See Illoominate Media*, 2022 WL 4589357, at *3. Thus, I will recommend that the Court find that Fla. Stat. § 768.79 applies in this case, as "[t]o hold otherwise would defeat the entire purpose of the Florida statute—any party could upend the law by inserting a single sentence into its pleadings." *See id.*[6]

---

[6] The authority cited by Plaintiff – in addition to *Diamond Aircraft* – is distinguishable and therefore unpersuasive. In *Southern Specialties, Inc. v. Farmhouse Tomatoes, Inc.*, 259 So. 3d 869 (Fla. 4th Dist. Ct. App. 2018), the plaintiff pursued injunctive

Assuming the Court agrees that Fla. Stat. § 768.79 applies in this case, the Court must next consider Plaintiff's remaining contentions that the proposals for settlement were procedurally defective, and that the offers were not made in good faith.   Upon consideration, I will recommend that the Court reject these contentions.

First, Plaintiff argues that the proposals for settlement fail to comply with Fla. R. Civ. P. 1.442,[7] in that the offers do not state that they resolve all damages that

_____

relief to enjoin the defendant from using plaintiff's customer lists and confidential information, and only withdrew the claim for injunctive relief at trial.   The plaintiff in *Starboard Cruise Services, Inc. v. DePrince*, 259 So. 3d 295 (Fla. 3d Dist. Ct. App. 2018), actively litigated his claim for specific performance, up through and including summary judgment.   And in both *Winter Park Imports, Inc. v. JM Family Enterprises*, 66 So. 3d 336 (Fla. 5th Dist. Ct. App. 2011), and *Palm Beach Polo Holdings, Inc. v. Equestrian Club Estates Property Owners Ass'n, Inc.*, 22 So. 3d 140 (Fla. 4th Dist. Ct. App. 2009), the plaintiffs asserted separate claims for injunctive relief in their respective complaints which they litigated.   In contrast, and as discussed above, Plaintiff only conclusory asserted injunctive relief in his second amended complaint, never pursued such relief throughout the litigation, and did not allege or point to any future conduct he sought to enjoin.

[7] As relevant to Plaintiff's argument, Fla. R. Civ. P. 1.442(c)(2) provides:

(2) A proposal shall:

> (A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;

> (B) state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F);

> (C) exclude nonmonetary terms, with the exceptions of a voluntary dismissal of all claims with prejudice and any other nonmonetary terms permitted by statute;

> (D) state the total amount of the proposal;

> (E) state with particularity the amount proposed to settle a claim for

would be otherwise awarded in a final judgment, nor do they state with particularity the amount proposed to settle punitive damages.   Doc. No. 178, at 10–13.[8]   This argument is unpersuasive, as the proposals for settlement state that they resolve "all claims against [the serving defendant] that are or may be brought in this action."   Doc. No. 165-1, at 4, 8, 12, 16, 20.   Moreover, the proposals state that they include punitive damages.   *See id.*   Notably, Plaintiff did not actually plead a claim for punitive damages in the amended complaint, as Plaintiff only pleaded the reservation of his right to seek punitive damages, *see* Doc. No. 35, at 18, 21, 23, as Defendants appear to recognize in the proposals for settlement, *see* Doc. No. 165-1, at 5, 9, 13, 17, 21 (stating that neither Plaintiff nor the serving Defendant "have raised a legal claim for punitive damages").   *See also Tower Hill Signature Ins. Co. v.*

---

punitive damages, if any;

(F) state whether the proposal includes attorneys' fees and whether attorneys' fee are part of the legal claim; and

(G) include a certificate of service in the form required by Florida Rule of General Practice and Judicial Administration 2.516.

[8] Plaintiff claims that it is also "dubious" whether the offers comply with other mandatory requirements, such as stating relevant conditions, stating with particularity the non-monetary terms of the proposal, and stating whether attorneys' fees are part of the legal claim.   Doc. No. 178, at 13 n.4.   This argument is perfunctorily raised in a footnote, and I deem it waived.   *See generally N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").   And even if not waived, it lacks merit because the proposals for settlement adequately address those issues.   *See* Doc. No. 165-1.   *See also Primo v. State Farm Mut. Auto. Ins. Co.*, 661 F. App'x 661, 665 (11th Cir. 2016) ("[W]e find no authority requiring that a proposal recite the specific words used by the statute or rule.").

*Kushch*, 335 So. 3d 743, 751 (Fla. 4th Dist. Ct. App. 2022) (Fla. R. Civ. P. 1.442(c)(2)(E) only "applies to actual pending claims for punitive damages").

Second, Plaintiff argues that because the Court denied Defendants' motion for Rule 11 sanctions, an award of fees under Fla. Stat. § 768.79 would "run counter" to that Order, and amount to double jeopardy.   Doc. No. 178, at 18–19.   I recommend the Court reject this argument, as Plaintiff cites no legal authority supporting this position, and Rule 11 and Fla. Stat. § 768.79 provide wholly separate bases for the imposition of fees.[9]   *Cf. Showan v. Pressdee*, 922 F.3d 1211, 1224 (11th Cir. 2019) (distinguishing Rule 11 from a substantive Georgia law that would apply in a diversity case and noting that Rule 11 provided a wholly distinct basis of punitive sanctions from Georgia substantive statute related to prevailing party's entitlement to compensatory damages as a remedy for frivolous filings and bad faith claims and defenses).

Third, and again without citation to any pertinent legal authority, Plaintiff claims that Defendants "wrongly" assume that Fla. Stat. § 768.79 applies to cases removed to federal court.   Doc. No. 178, at 19.   This argument clearly lacks merit. *See Horowitch*, 645 F.3d at 1257–58 (holding that in diversity cases, federal courts

---

[9] The decision cited by Plaintiff, *Estate of Juanita Jackson, et al., v. Rubin Schron*, No. 8:16-cv-22-T-EAK, Doc. No. 68 (M.D. Fla. Sept. 8, 2016), addresses a bankruptcy appeal and nowhere discusses either Rule 11 or Fla. Stat. § 768.79.

apply the substantive law of the forum state, and that Fla. Stat. § 768.79 is a substantive Florida law).

Fourth, Plaintiff clings to language in Fla. Stat. § 768.79 that "the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf **pursuant to a policy of liability insurance or other contract**" to apparently argue that the statute does not apply in this case because there is no policy of liability insurance or contract at issue.   Doc. No. 178, at 19–20 (emphasis in original).   That language pertaining to "a policy of liability insurance or other contract," however, is in the alternative ("or on the defendant's behalf") and plainly relates to situations where an insurer or other contractual party bringing a claim on a defendant's behalf.   *See generally United Auto. Ins. Co. v. John S. Virga, D.C., P.A.*, 116 So. 3d 1288, 1289 (Fla. 3d Dist. Ct. App. 2013) (discussing requirements when a defendant-insurer brings third-party action on a defendant's behalf).   That is not at issue here, as Defendants seek fees on their own behalf, and Plaintiff appears to mistakenly read the statute.

Fifth, Plaintiff claims that Defendants failed to plead a claim of attorney's fees, and thus have waived any claim for fees.   Doc. No. 178, at 20.   But a review of Defendants' answer demonstrates that Defendants placed Plaintiff on notice that they would seek fees.   *See* Doc. No. 36, at 12.   *See also Caufield v. Cantele*, 837 So. 2d 371, 378 (Fla. 2002) (under Florida law, the "statutory or contractual basis for a claim

for attorney's fees need not be specifically pled, and that failure to plead the basis of such a claim will not result in waiver of the claim").   And it is not clear that Defendants were even required to do so.   *See, e.g., Medicomp, Inc. v. United Healthcare Ins. Co.*, No. 6:12-cv-100-Orl-22DAB, 2013 WL 5741391, at *1 (M.D. Fla. Aug. 23, 2013*), report and recommendation adopted*, 2013 WL 5740097 (M.D. Fla. Oct. 22, 2013) (failure to plead entitlement to fees in answer did not preclude later motion for fees (citing *Capital Asset Research Corp. v. Finnegan*, 216 F.3d 1268, 1270 (11th Cir. 2000))).

Sixth, Plaintiff claims that Defendants' motion fails to establish the reasonableness of the estimated fees.   Doc. No. 178, at 20–23.   However, under the Local Rules, Defendants were only required to "provide[] a fair estimate of the amount sought."   Local Rule 7.01(b)(2).   Reasonableness is an issue for determination upon the filing of a supplemental motion on amount.   Local Rule 7.01(c).

Finally, Plaintiff contends that the proposals for settlement were not made in good faith, as indicated by the $500 "nominal" amount of each proposal.   Doc. No. 178, at 13–18.   Plaintiff claims that Defendants had "substantial potential liability" given his claim of $17 million in damages, and there is no indication that Defendants had "no exposure" to that claim.   *Id.* at 16.   Plaintiff further points to the fact that his claims survived two motions to dismiss, as well as a claim for Rule 11 sanctions.

*Id.* at 14, 17.   Defendants, for their part, state in the motion that their potential exposure was indeed nominal, given that four of the five Defendants did not even publish the allegedly defamatory statements at issue and that there was zero evidence of actual malice, which Plaintiff was required to establish given that he is a public figure.   Doc. No. 165, at 7.

"Although 'nominal offers are suspect where they are not based on any assessment of liability and damages,' they can be valid if the offerors have 'a reasonable basis at the time of the offer to conclude that their exposure was nominal.'"   *McMahan*, 311 F.3d at 1083 (quoting *Fox v. McCaw Cellular Commc'ns of Fla., Inc.*, 745 So. 2d 330, 332, 333 (Fla. 4th Dist. Ct. App. 1998)).   "The good faith requirement of § 768.79(7)(a) does not 'demand that an offeror necessarily possess, at the time he makes an offer or demand under the statute, the kind or quantum of evidence needed to support a judgment.   The obligation of good faith merely insists that the offeror have some reasonable foundation on which to base an offer.'"   *Id.* (quoting *Schmidt v. Fortner*, 629 So. 2d 1036, 1039 (Fla. 4th Dist. Ct. App. 1993)).

Here, given that Defendants prevailed on summary judgment (and on appeal), and that they have maintained the position throughout this litigation that Plaintiff's claims were baseless, *see, e.g.*, Doc. Nos. 16, 30, I will recommend the Court find that Plaintiff has failed to carry his burden of establishing that the offers

were not made in good faith.   *See McMahan*, 311 F.3d at 1083–84 (rejecting argument that $100 nominal proposal for settlement was not made in good faith where the plaintiff argued there was no reasonable basis for the defendant's position that he would prevail, as that argument "ignore[d] the inconvenient fact that he did prevail.").   *See also Richter v. Monaco Coach Corp.*, No. 5:08-cv-207-Oc-10DAB, 2011 WL 13176152, at *4 (M.D. Fla. Mar. 18, 2011), *report and recommendation adopted*, 2011 WL 13176179 (M.D. Fla. Apr. 12, 2011) (finding that the plaintiff failed to establish that a $250.00 proposal for settlement was not made in good faith, because "[m]erely pointing to the amount of the offer . . . is not sufficient to show bad faith and . . . [the defendant] had a good faith reason to believe that it would incur no or only nominal liability"); *Arnoul v. Busch Ent. Corp.*, No. 8:07-cv-1490-T-24MAP, 2008 WL 5341148, at *2 (M.D. Fla. Dec. 19, 2008) (determining there was no reason to find nominal proposals for settlement of $900 and $100 were made in bad faith where the court "did not find the questions of fact nor of law to be close"); *Muegge v. Heritage Oaks Gulf & Country Club, Inc.*, No. 8:05-cv-354-T-24 MAP, 2006 WL 1678840, at *3 (M.D. Fla. June 16, 2006) (addressing $250 proposals for settlement and finding the plaintiff's sole explanation that "the offers were made in bad faith, were insufficient, and were a ruse to later claim fees and costs" was not sufficient to show that the offers were not made in good faith).

The Presiding District Judge held that "even viewing the record in the light most favorable to Plaintiff, there is not a scintilla of evidence showing—much less clear and convincing proof of—actual malice."   Doc. No. 159, at 17.   On appeal, the Eleventh Circuit affirmed this ruling, holding that Plaintiff "submitted no evidence from which a jury might plausibly infer that the defendants distributed statements with knowledge that [the statements] were false or with reckless disregard of whether [they were] false or not."   Doc. No. 175, at 7 (citations omitted).   These positions were maintained by Defendants throughout this litigation, and they ultimately prevailed.   Based on these facts, the undersigned cannot say that the nominal offers of judgment reflected a lack of good faith.   *See McMahan*, 311 F.3d at 1083–84 ("To accept in the same case in which a party did prevail the notion that there was no reasonable basis for that party prevailing would require self-contradiction on a scale that we are unwilling to consider.").

Accordingly, I will respectfully recommend that the Court reject Plaintiff's contentions that the proposals for settlement were not made in good faith, as well as Plaintiff's arguments that the proposals for settlement were procedurally deficient.   Given the recommendation that the Court find that Fla. Stat. § 768.79 applies in this case, I will therefore also respectfully recommend that the Court find that Defendants are entitled to fees pursuant to the proposals for settlement.

B.     <u>Taxable Costs</u>.

On the same day as the fee motion, Defendants also filed a proposed bill of costs, seeking a total of $5,289.60 in taxable costs.   Doc. No. 166.   As the prevailing parties, Defendants are entitled to recover taxable costs, and Plaintiff does not argue otherwise.   *See* Doc. No. 172; Fed. R. Civ. P. 54(d)(1).   Instead, Plaintiff raises two discrete objections to the proposed bill of costs.   First, Plaintiff argues that given his appeal of the judgment, the issue of costs should be deferred pending the outcome of the appeal.   Doc. No. 172, at 1.   However, as discussed above, Plaintiff's appeal has since been resolved, and thus, his argument that costs should be deferred is moot.

Second, Plaintiff argues that "[t]he transcript fee for [Plaintiff's] deposition is $1,739.20, an excessive amount that was not necessary for this deposition and is notably disproportionate to the other transcript fees sought."   Doc. No. 172, at 2. Plaintiff does not address, or otherwise object to, the remainder of the taxable costs sought by Defendant.   *See id.*   Nor does Plaintiff cite any legal authority in support of his argument.   *See id.*   In response, Defendants contend that the transcript fee request for Plaintiff's deposition is properly supported, and that Plaintiff has failed to establish that the transcript "for his own deposition was not necessarily obtained for use in the case."   Doc. No. 174, at 4.

Upon review, I agree with Defendants.   Plaintiff has not demonstrated that his deposition transcript was not necessarily obtained for use in the case.   And the record demonstrates that it was obtained for use in the case, as Defendants relied on Plaintiff's deposition transcript in moving for summary judgment.   Doc. Nos. 94-1, 95-1.   *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) (quotation marks and citation omitted) ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions.").   Accordingly, the Court should overrule Plaintiff's objection to the costs for his deposition transcript.

As to the remaining requested costs, as noted above, the $400.00 filing fee is a recoverable cost under 28 U.S.C. § 1920(1), and the other $3,150.40 in deposition transcript costs are properly supported, *see* Doc. No. 166, at 8–10, 12–15, and Plaintiff does not contend that these other depositions were not obtained for use in the case.   *See also* Doc. No. 94 (referencing depositions of Lolita Carson Grayson and David Heller).   The undersigned will therefore further recommend that the Court direct the Clerk of Court to tax the full amount of costs sought by Defendants.

## IV.   RECOMMENDATION.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court:

1. **GRANT** Defendants' Motion for Entitlement to Attorneys' Fees Pursuant to Section 768.79, Florida Statutes (Doc. 165);

2. **FIND** Defendants entitled to attorneys' fees pursuant to the May 25, 2021 proposals for settlement and Fla. Stat. § 768.79;

3. **ORDER** the parties to comply with the procedures set forth in Local Rule 7.01(c) and (d) for a determination of the amount of attorneys' fees due to Defendants from May 25, 2021 onward due to the proposals for settlement;

4. **OVERRULE** Plaintiff's objections (Doc. Nos. 169, 172) to Defendants' proposed bill of costs (Doc. No. 166); and

5. **DIRECT** the Clerk of Court to tax costs in favor of Defendants and against Plaintiff in the amount of **$5,289.60**.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation.   11th

Cir. R. 3-1.

      Recommended in Orlando, Florida on January 17, 2023.


**LESLIE R. HOFFMAN**
**UNITED STATES MAGISTRATE JUDGE**



Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy