# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ALAN GRAYSON,**

      **Plaintiff,**

**v.**                             **Case No: 6:20-cv-1824-PGB-LHP**

**NO LABELS, INC., PROGRESS TOMORROW, INC., UNITED TOGETHER, INC., NANCY JACOBSON, MARK PENN and JOHN DOES,**

      **Defendants.**

_____/

## ORDER

This cause comes before the Court on the following filings:

1. Defendants No Labels, Inc., Progress Tomorrow, Inc., United Together, Inc., Nancy Jacobson, and Mark Penn's ("**Defendants**") Motion for Entitlement to Attorney's Fees (Doc. 165 (the "**Motion**")), and Plaintiff Alan Grayson's ("**Plaintiff**") response in opposition (Doc. 178); and

2. Magistrate Judge Leslie Hoffman Price's Report and Recommendation as to these filings (Doc. 180 (the "**Report**")), Plaintiff's Objection thereto (Doc. 181 (the "**Objection**")), and Defendants' response in opposition (Doc. 182 (the "**Response**")).

Upon consideration, Plaintiff's Objection is due to be overruled, the Report is due to be adopted and confirmed, and the Motion is due to be granted.

## I. DISCUSSION

On January 17, 2023, Magistrate Judge Hoffman Price issued a Report recommending that Defendants' Motion for Entitlement to Attorney's Fees (Doc. 165) be granted. (*See* Doc. 180). Plaintiff timely filed his Objection to the Report (Doc. 181), and Defendants responded in opposition (Doc. 182). The matter is now ripe for review.

### A. Rule 72 and the Standard of Review

As a threshold matter, the Court must first address the provision of Federal Rule of Civil Procedure 72 that governs this issue and consequently, the facially appropriate standard of review. *See generally* FED. R. CIV. P. 72. Both parties opine that clear error is the required review standard, although for different reasons. (*Compare* Doc. 181, p. 2, *with* Doc. 182, pp. 3–5).

Plaintiff argues Rule 72(a) applies and accordingly, clear error is the requisite standard of review. (Doc. 181, p. 2). To the contrary, Defendants contend Rule 72(b) governs. (Doc. 182, pp. 3–5). However, Defendants assert that while proper objections would demand *de novo* review, Plaintiff has failed to submit any that are adequate and therefore, clearly erroneous review is all that is warranted. (*See id.*). Ultimately, the Court agrees with Defendants and finds that the matter,

*upon proper objection*,[1] would necessitate *de novo* review according to Rule 72(b). FED. R. CIV. P. 72. The Court will delineate its reasoning below.[2]

To provide context, pursuant to Rule 72, a district judge may designate a magistrate judge to hear and determine both dispositive and non-dispositive matters. *See id.*; 28 U.S.C. § 636(b)(1). When a magistrate judge decides a matter that is dispositive in nature, the magistrate judge must issue a report to the district judge specifying the magistrate judge's proposed findings of fact and the recommended disposition—as occurred here. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b)(1). This reporting requirement, however, is not necessary for non-dispositive matters. *See* FED. R. CIV. P. 72(a).

Regardless of whether the matter is dispositive or non-dispositive, any party who disagrees with a magistrate judge's decision may object, within fourteen days, to those specific portions of the decision disagreed with. FED. R. CIV. P. 72; 28 U.S.C. § 636(b)(1). When a matter is non-dispositive, the district judge must "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law" according to Rule 72(a). FED. R. CIV. P. 72(a). On the other hand, when objection is made to the decision of a dispositive matter, the district judge must make a *de novo* determination of each issue

---

[1] *See infra* Section I.B.

[2] However, as will be discussed *infra*, the Court's ultimate conclusions remain the same regardless of the standard of review. That being said, the Court's primary goal in comprehensively addressing the disagreement regarding the applicable provision of Rule 72 is to resolve inaccurate contentions of the law set forth in Plaintiff's Objection. (*See* Doc. 181, p. 2).

3

properly objected to pursuant to Rule 72(b). FED. R. CIV. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted).

Here, Plaintiff—albeit surprisingly—advocates that Rule 72(a) is the applicable law and subsequently, clear error is the required standard of review. *See* FED. R. CIV. P. 72(a); (Doc. 181, p. 2). However, the Court disagrees with Plaintiff's assertion of the applicable governing provision of Rule 72. Magistrate Judge Hoffman Price issued a Report delineating her proposed findings of fact and recommending a subsequent disposition as to the underlying Motion. (*See* Doc. 180); *see also, e.g.*, *Nature's Prods., Inc. v. Natrol, Inc.*, No. 11-62409-CIV, 2014 WL 11889447, at *1–2 (S.D. Fla. July 30, 2014); *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1259 n.4 (M.D. Fla. 2013). Thus, as Defendants correctly point out, Rule 72(b) is in fact the provision that applies. (Doc. 182, pp. 3–5); FED. R. CIV. P. 72(b). Accordingly, pursuant to Rule 72(b) and applicable precedent, this Court finds *de novo* review is ultimately required for "portions of the report or specified proposed findings or recommendations to which objection is made."[3] 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72.

---

[3] Nonetheless, even in the absence of specific objections, district judges review legal conclusions, as opposed to factual findings, *de novo*. *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

4

### B. The Objection

The aforementioned discussion leads the Court to address the subsequent issue: whether the Objection itself is proper and thus, warrants the *de novo* review that is afforded to complying objections under Rule 72(b)(3). *See* FED. R. CIV. P. 72(b)(3); (Doc. 181). Alas, the Court finds it is not.

In his Objection, Plaintiff simply transposes—many paragraphs identically, for that matter—the arguments he set forth in his initial response to the underlying Motion.[4] (*Compare* Doc. 178, pp. 6–9 ("**Section II**"), *and* Doc. 178, pp. 9–14 ("**Section III**"), *with* Doc. 181, pp. 9–13 ("**Section II**"), *and* Doc. 181, pp. 14–18 ("**Section III**")); *see, e.g.*, *Valido v. Kijakazi*, No. 21-CV-20939, 2022 WL 4462069, at *3, *5 (S.D. Fla. Sept. 26, 2022) ("A party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions."). At best, Plaintiff unsuccessfully attempts to repackage his argument by throwing in bald references to "the Report."[5] However, objections are not a strategic exercise in copy and paste.

---

[4] Among other things, Defendants correctly highlight this glaring issue—and its subsequent impact on the requisite standard of review—at the very beginning of their Response. (*See* Doc. 182, pp. 3–5).

[5] For example, Plaintiff asserts that "it is simply incorrect [for the Magistrate Judge] to say that Plaintiff 'never pursued such relief throughout the litigation.'" (Doc. 181, pp. 8–9). However, in practicality, this amounts to sheer disagreement over semantics. Upon reading the context, the Court can surmise that Magistrate Judge Hoffman Price was referring to the fact that Plaintiff never *actively* pursued such relief beyond conclusory initial requests. (*See* Doc 180, p. 15). To provide another example, in addressing the Report's interpretation of particularity under Florida Rule 1.442, Plaintiff notes in his Objection that he "respectfully disagrees"—with no further discussion. (Doc. 181, p. 12). Such barebones disagreement, without more,

The bottom line is that Plaintiff essentially "asks the Court to 'travers[e] ground already plowed by the magistrate.'" *Winford v. Walton*, No. 16-CV-810-J-39PDB, 2018 WL 3650025, at *2 (M.D. Fla. May 15, 2018) (quotation omitted). Contrary to Plaintiff's inherent request, "[i]t is improper for an objecting party to . . . submit papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." *See, e.g.*, *Hall v. Sargeant*, No. 18-CV-80748, 2018 WL 6019221, at *1 (S.D. Fla. Nov. 16, 2018) (quoting *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012)). Upon filing an objection to a report and recommendation, "parties are not to be afforded a [mere] 'second bite at the apple.'" *See, e.g.*, *Marlite*, 2012 WL 3614212, at *2. Such an opportunity would contravene the essence of Rule 72.

Thus, to come full circle, it is true that the Court must conduct a *de novo* review of the parts of a magistrate judge's disposition, in dispositive matters, that have "been properly objected to." FED. R. CIV. P. 72(b)(3). However, "[o]bjections that . . . *simply rehash or reiterate the original briefs to the magistrate judge* are not entitled to *de novo* review"–that standard is afforded only to *proper* objections under Rule 72(b)(3). *Fibertex Corp. v. New Concepts Distribs. Int'l, LLC*, No. 20-20720-CIV, 2021 WL 302645, at *2 (S.D. Fla. Jan. 29, 2021) (emphasis added).

---

fails to qualify as a specific objection. Nonetheless, the Court, as will be discussed *infra*, conducted a *de novo* review of the record and rejects Plaintiff's related contentions regardless.

6

Instead, such deficient objections, like Plaintiff's, should be "reviewed for clear error." *Fibertex*, 2021 WL 302645, at *2; (*see* Doc. 181).

Nevertheless, irrespective of which standard of review the Court employs, clear error or *de novo*, the outcome would remain unchanged. In any event, applying a higher standard of review offers the utmost deference to Plaintiff, all the while resulting in this Court reaching the same findings and conclusions as Magistrate Judge Hoffman Price in her Report. In other words, even if the Court were to construe Plaintiff's Objection as proper under Rule 72(b)(3) and consequently, engage in *de novo* review of the matter at hand, the Court reaches the same conclusions as the Report.[6]

---

[6] Considering the Court ultimately conducted *de novo* review, the Court finds it instructive to explicitly address one of the more arguably "specific" objections to the Report in which Plaintiff raises an argument not submitted to the Magistrate Judge previously. (*See* Docs. 178, 180, 181).

In Plaintiff's Objection, he asserts that Defendants' offer fails to comply with Florida Rule of Civil Procedure 1.442, which governs settlement proposals in general. (Doc. 181, pp. 11–12); *see* FLA. R. CIV. P. 1.442. Specifically, Plaintiff opines that the scope of the release provision in the offer was too broad under the sole case he cites: *Five for Entertainment S.A. v. El Cartel Records, Inc.*, 725 F. App'x 793 (11th Cir. 2018). (Doc. 181, pp. 11–12); *see Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."). However, Plaintiff misconstrues this case. *See Five*, 725 F. App'x at 795–77.

In *Five*, the court made a distinction that the respective offer purported to "settle all claims . . . *in the above styled action*," but the release provision itself included much broader terms. *Id.* at 795–96 (emphasis added). Ultimately, the claims asserted in *Five* changed while the offer was pending, rendering it unclear whether the language in the offer encompassed "newly-added claims" not "in the above styled action." *Id.* at 796–97. Thus, the Eleventh Circuit affirmed the district court's finding of the offer as invalid because of the offer's ambiguity resulting from the changed circumstances—not the breadth of the release provision on its own. *Id.* Moreover, here, both the procedural history and surrounding circumstances differ from *Five*. The settlement offer in this case includes a general provision that comports with the offer's statement proposing to "resolve all claims against it that are *or may be brought* in this action." (Doc. 165-1 (emphasis added)). Thus, Plaintiff's reliance on *Five* is misguided.

Accordingly, after conducting an independent review of the record, the Court agrees with Magistrate Judge Hoffman Price's well-reasoned analysis and ultimate findings of fact and conclusions of law. Moreover, Plaintiff's Objection merely re-asserts arguments that Magistrate Judge Hoffman Price has thoughtfully and carefully addressed, offering no adequate basis to reject the Report. (*See* Doc. 181); *see also Bostick v. State Farm Mut. Auto. Ins. Co.*, No. 16-CV-1400-T-33AAS, 2019 WL 13245284, at *1 (M.D. Fla. Dec. 12, 2019). Thus, the Court is of the opinion that the Report should be adopted, confirmed, and approved in all respects.

## II. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Objection to the Report (Doc. 181) is **OVERRULED**;

2. Plaintiff's objections (Docs. 169, 172) to Defendants' proposed bill of costs (Doc. 166) are **OVERRULED**;

3. Magistrate Judge Hoffman Price's Report (Doc. 180) is **ADOPTED** and **CONFIRMED** and made a part of this Order;

4. Defendants' Motion for Entitlement to Attorney's Fees (Doc. 165) is **GRANTED**;

5. The Court **FINDS** that Defendants are entitled to attorney's fees pursuant to the May 25, 2021 proposals for settlement and Section 768.79 of the Florida Statutes;

6. On or before May 14, 2023, Defendants **SHALL** file a supplemental motion in compliance with Local Rule 7.01(c) for a determination of the amount of attorney's fees due to Defendants from May 25, 2021 onward as a result of the proposals for settlement; and

7. The Clerk of Court is **DIRECTED** to tax costs in favor of Defendants and against Plaintiff in the amount of $5,289.60.

**DONE AND ORDERED** in Orlando, Florida on March 30, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties