UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALAN GRAYSON,**

      **Plaintiff,**

v.                                                   Case No: 6:20-cv-1824-PGB-LHP

**NO LABELS, INC., PROGRESS TOMORROW, INC., UNITED TOGETHER, INC., NANCY JACOBSON, MARK PENN and JOHN DOES,**

      **Defendants.**

_____/

## ORDER

This cause is before the Court on Plaintiff's Objection to the Report and Recommendation (**"Report"** or **"R&R"**). (Doc. 207). The Defendants submitted a Response in Opposition. (Doc. 210). Upon consideration, the Court finds the Report (Doc. 206) is due to be adopted and confirmed.

**I.**    **BACKGROUND**

The procedural history of this litigation is outlined in the Magistrate Judge's Report and Recommendation and is adopted and made a part of this Order. (*See* Doc. 206, pp. 1–5). That said, the crux of the dispute concerns the Defendants' entitlement to and amount of recoverable attorney fees. (*Id.*). The Magistrate Judge engaged in a thorough analysis of the Defendants' fee application and the

Plaintiff's objections to the motions for attorneys' fees.[1] In so doing, the Magistrate Judge rejected the Defendants' request for $1,173,346.00 in fees and found the Defendants entitled to $740,710.00. (*Id.* at p. 79).

## II.   STANDARDS OF REVIEW

### A.   Report and Recommendation

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

That said, "a party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with. *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) (citation omitted). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.* Moreover, "[o]bjections that . . . simply rehash or reiterate the original briefs to the magistrate judge are not entitled to de novo review." *Fibertex Corp. v. New Concepts Distribs. Int'l, LLC*, No. 20-20720-Civ-Scola, 2021 WL 302645, at *2 (S.D. Fla. Jan. 29, 2021). "These kinds of objections are instead reviewed for clear error." *Id.* (citing *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir.

---

[1] The Magistrate Judge carefully considered the objections asserted by Plaintiff Grayson in a 144-page exhibit wherein objections are lodged against specific billing entries submitted by the Defendants. (Doc. 206, p. 7).

2

2006)). Upon review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### B. Motion for Attorneys' Fees

"'Just as a federal court must apply state law to determine whether a party is entitled to fees,' it must also apply state law to determine the reasonableness of the fees." *SB Holdings I, LLC v. Indian Harbor Ins. Co.*, No. 6:19-cv-668-PGB-DCI, 2022 WL 3711770, at *6 (M.D. Fla. Aug. 15, 2022), *appeal dismissed*, 2023 WL 2465940 (11th Cir. Jan. 3, 2023) (quoting *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1373 (M.D. Fla. 2010)). Florida follows the federal lodestar approach to calculating the amount of fees to be awarded. *Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1148 (11th Cir. 1993) (citing *Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990), and *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985)). This includes applying the lodestar method to calculating fees awarded under Florida's offer-of-judgment statute, Fla. Stat. § 768.79. *See Jalosinski v. Dorel Juvenile Grp., Inc.*, No. 2:13-CV-371, 2015 WL 4395406, at *3 (M.D. Fla. July 16, 2015) ("When examining the reasonableness of a request for attorney's fees under the offer-of-judgment statute, the Court uses the lodestar method." (citing *Rowe*, 472 So. 2d at 1150)); *Kearney*, 713 F. Supp. 2d at 1373 ("The Florida Supreme Court, however, has turned the law full circle by adopting the federal lodestar method, rather than a state rule, to determine what constitutes 'reasonable' attorney's fees.").

"The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In applying the lodestar analysis, the party seeking fees has the burden of establishing that the hourly rate and hours expended are reasonable. *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). The fee applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and support the number of hours worked and the rate sought. *See, e.g.*, *Hensley*, 461 U.S. at 433. In addition, "fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303 (citations omitted). Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

In addition to these standards, the Florida Supreme Court has held that attorneys' fees awarded pursuant to section 768.79 "are sanctions . . . for unreasonable rejections of offers of judgment." *Sarkis v. Allstate Ins. Co.*, 863 So. 2d 210, 218 (Fla. 2003). "Because the fees operate as a sanction, the statute 'must be strictly construed in favor of the one against whom the penalty is imposed and

4

is never extended by construction.'" *Kearney*, 713 F. Supp. 2d at 1374–75 (quoting *Sarkis*, 863 So. 2d at 223). Thus, in addition to considering the lodestar factors, a court awarding fees under Fla. Stat. § 768.79, shall also consider the following subjective factors:

> 1. The then apparent merit or lack of merit in the claim.
>
> 2. The number and nature of offers made by the parties.
>
> 3. The closeness of questions of fact and law at issue.
>
> 4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.
>
> 5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.
>
> 6. The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.

FLA. STAT. § 768.79(8)(b); *see also* FLA. R. CIV. P. 1.442(h)(2) (listing identical factors); *SB Holdings I, LLC*, 2022 WL 3711770, at *6; *Kearney*, 713 F. Supp. 2d at 1374.[2]

---

[2] Courts may also consider similar factors set forth in the Florida Rules of Professional Conduct: "(A) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (B) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (C) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature; (D) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained; . . . (G) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services." Rule 4-1.5(b), Florida Rules of Professional Conduct; *see also SB Holdings I, LLC*, 2022 WL 3711770, at *6, n.7. The Magistrate Judge and the undersigned have considered all of these factors.

## III.  DISCUSSION

The undersigned has conducted a *de novo* determination of those portions of the Report to which objection is made, notwithstanding the Defendants' contention that the Court need only review for clear error due to Plaintiff's failure to file and serve specific written objections.[3] (Doc. 210, pp. 4–5). As previously noted, the Magistrate Judge conducted an exhaustive analysis of the fee applications and the Plaintiff's objections. The Court need not reiterate those findings here, and the undersigned accepts the Report and Recommendation in whole and rejects the Plaintiff's objections.

For the sake of clarity, however, the Court will address the Plaintiff's assertion that the Defendants failed to carry their burden of proving entitlement to attorneys' fees. The Plaintiff selects passages from the Report where the Magistrate Judge was critical of the proof submitted by the Defendants. For example, the Plaintiff notes the Magistrate Judge characterized the declarations of two attorneys who performed services for the Defendants and who sought to recover fees as "self-serving" and "by themselves, insufficient to establish the reasonableness of the rates requested." (Doc. 207, p. 4). Similarly, the Magistrate Judge observed that the Defendants' attorneys failed to submit copies of their fee agreements. (*Id.* at p. 5). And the Magistrate Judge found the declaration by Attorney Lowell and the firm biographies do not suggest that any of these attorneys

---

[3]  While the Court will identify improper objections subject to the clear error analysis, the Court nonetheless conducted a *de novo* review of all of the Plaintiff's objections.

have particularized experience, or specialized skill in First Amendment or defamation litigation. (*Id.* at p. 6). The Plaintiff concludes that the "failure to offer any expert testimony in support of their fee petition mandates, under Florida law, that it must be denied."[4] (*Id.* at p. 10 (citing *Sea World of Fla., Inc. v. Ace Am. Ins. Cos., Inc.*, 28 So. 2d 411, 412 (Fla. 2d DCA 2010) and *Snow v. Harlan Bakeries, Inc.*, 932 So. 2d 411, 412 (Fla. 2d DCA 2006))).

The Plaintiff's objection is misplaced. As discussed in *Schafler v. Fairway Park Condominium Ass'n*, 324 F. Supp. 2d 1302, 1311 (S.D. Fla. 2004), the Florida rule as to the necessity of expert testimony in support of a motion for an award of attorneys' fees is merely procedural for *Erie* purposes. Moreover, the Court in *Schafler* cited the Florida Supreme Court holding in *Sierra v. Sierra*, 505 So. 2d 432, 434 (Fla. 1987), that the "attorney's fee award must be based on 'appropriate proof, through testimony, depositions, affidavits or otherwise,' and emphasized that the reasonableness of the award need only be supported by competent and substantial evidence." *Id*. The *Schafler* Court concluded it appears that the Florida Supreme Court agrees with the federal law as opposed to the appellate courts on this issue. *Id*. Thus, to the extent that Florida appellate courts have imposed a rule requiring expert testimony in support of an application for attorney's fees, the rule is procedural and is not binding on federal courts sitting in diversity. The

---

4    The Plaintiff cites *United States v. Hill*, 643 F.3d 807, 832 (11th Cir. 2011), for the proposition that when a party only offers the declarations of attorneys seeking fees this constitutes a "fatal flaw" and "mandates the denial of the request *in toto*." (Doc. 207, pp. 4–5). However, *Hill* is a criminal case that involves a motion to sever defendants jointly indicted and has nothing to do with a motion for attorney's fees.

7

Magistrate Judge addressed this objection in the Report and correctly found no binding or persuasive legal authority to support the Plaintiff's argument. (Doc. 206, pp. 40–41). The undersigned agrees with the Magistrate Judge and finds that the award of attorney's fees as determined by the Magistrate Judge is based on competent and substantial evidence and is affirmed.

Next, the Plaintiff argues a Magistrate Judge may not employ her experience in determining a reasonable hourly rate. (Doc. 207, pp. 11–12). The Plaintiff fails to specifically articulate how the Magistrate Judge relied on "matters outside the record" to arrive at the proper hourly rate charged by Defendants' counsel. (*Id.*). In the absence of a specific objection, the Court need only determine whether the Magistrate Judge's determination was a clear error. As the Defendants correctly observe, to preserve its objections a party "must clearly advise the district court and pinpoint the specific findings that the party disagrees with." (Doc. 210, p. 5 (citing *Fibertex*, 2021 WL 302645, at *2)). The Plaintiff merely avers that the Magistrate Judge relied on matters outside the record which influenced the decision to accept the hourly rates for the Miami law firm, without specifying what outside matters were considered. (Doc. 207, p. 12). This is not enough to preserve the objection.

The Magistrate Judge correctly recognized the Court's inherent authority to consider its own experience and expertise concerning reasonable and proper fees. (Doc. 206, pp. 14, 20 (citing *Norman*, 836 F.2d at 1303, and *Campbell v. Green*,

8

112 F.2d 143, 144 (5th Cir. 1940)).[5] While not addressed by the Plaintiff, the Magistrate Judge canvassed a collection of cases decided by this Court on the issue of rates customarily awarded for attorneys and paralegals in Orlando with similar levels of experience as the Defendants' counsel and who perform similar types of work. (Doc. 206, pp. 20–22). The undersigned does not find clear error in the Magistrate Judge's assessment of a reasonable hourly rate charged by local lawyers engaged in similar work.[6] And a *de novo* review of the information presented by the parties and the information considered by the Magistrate Judge led to the same conclusion.

Next, the Plaintiff reasserts his argument, rejected by the Magistrate Judge, that an attorney cannot recover fees for work, "such as motions," that was unsuccessful. (Doc. 207, p. 13). The Plaintiff raised this argument and the Magistrate Judge rejected it. (Doc. 206, pp. 37–38). The Magistrate Judge correctly found that counsel is not entitled to fees for time spent on unsuccessful claims but they are entitled to compensation for time spent on unsuccessful

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. While the Plaintiff claims *Campbell* has no bearing on Florida law, *Campbell* is binding precedent.

[6] The Florida appellate courts also recognize the trial court's authority to exercise its judgment in determining a reasonable hourly rate and the appropriate number of hours billed by attorneys seeking a fee award. *See Smith v. Sch. Bd. of Palm Beach Cty.*, 981 So. 2d 6, 9 (Fla. 4th DCA 2007) (reversing the trial court for relying on an hourly rate charged by counsel employed by insurance companies or local governments as too low, because such law firms charge substantially lower hourly rates than other private counsel); *see also Mercy Hosp., Inc. v. Johnson*, 431 So. 2d 687, 688–89 (Fla. 3d DCA 1983) (After hearing "neither testimony nor competent evidence detailing the nature of the services performed" the appellate court found the 5,563.34 hours billed for negotiating three loans to be "inherently incredible").

9

motions. (*Id.*). The Plaintiff incorrectly relies on *Board of Regents v. Winters*, 918 So. 2d 313, 315 (Fla. 2d DCA 2005), but the Court in *Winters* held that after the trial court arrives at the lodestar figure, it may add or subtract from that number based on the "results obtained," meaning the portion of the claims the party prevailed on. In short, *Winters* does not advance the Plaintiff's objection, and the undersigned finds the cases cited by the Magistrate Judge dispositive. *See, e.g.*, *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 346 F. App'x 403, 404 (11th Cir. 2009) (awarding fees for preparing an unsuccessful motion to remand); *see also Rynd v. Nat'l Mut. Fire Ins. Co.*, No. 8:09-cv-1556-T-27TGW, 2012 WL 939387, at *5 (M.D. Fla. Jan. 25, 2012) (recognizing that time spent on unsuccessful claims should be reduced from a fee award, but "time is not excluded simply because a motion was denied"), *report and recommendation adopted*, 2012 WL 939247 (M.D. Fla. Mar. 20, 2012).

The Plaintiff also objects to the Report making no deduction for block-billing and more than one lawyer working on the case. (Doc. 207, p. 14). Here again, the Plaintiff fails to point to specific flaws in the Magistrate Judge's analysis and relies on a blanket claim that "[t]he R&R considers, but decides against, an across-the-board reduction of Defendants' fee petition on [the basis of block billing], except as to travel time." (*Id.*). The Magistrate Judge discusses the Plaintiff's block-billing objection in the Report. (Doc. 206, pp. 42–47). First, the Plaintiff's contention that "an across-the-board reduction is required" when an attorney lists all the day's tasks in a single entry" is not correct. (Doc. 207, p. 14).

10

The Magistrate Judge correctly held that "the mere fact that an attorney includes more than one task in a single billing entry is not, in itself, evidence of block-billing." (Doc. 206, p. 42 (citing *Franklin v. Hartford Life Ins. Co.*, No. 8:07-cv-1400-T-23MAP, 2010 WL 916682, at *3 (M.D. Fla. Mar. 10, 2010))). This is because a detailed description of the work performed will vindicate the entry. (*Id.* at p. 43 (citing *In re Acosta-Garriga*, No. 8:12-cv-731-T-23, 2014 WL 7404122, at *2 (M.D. Fla. Dec. 30, 2014))). The Magistrate Judge then scrutinized each alleged block-billing entry and found a sufficiently detailed description to award compensation. (*Id.* at pp. 42–47). The Magistrate Judge's finding was not clear error, and a *de novo* review of the billing records led the undersigned to the same conclusion as reached by the Magistrate Judge.

As for the "one-lawyer" objection, the Plaintiff claims the Magistrate Judge erred by settling on recovery for five lawyers and not one at each stage of the case. (Doc. 207, p. 15). The Plaintiff dedicates one sentence to this argument followed by citation to black-letter law. (*Id.*). The objection is too vague to warrant consideration and ignores the 12-page analysis conducted by the Magistrate Judge. (Doc. 206, pp. 48–59). The Court finds the Magistrate Judge was correct in finding a reduction of 219.0 hours billed by the W&S firm.

The balance of the Plaintiff's objections: (1) that all time for travel is not compensable, (2) that the Magistrate Judge erred by not ruling on all objections,[7]

---

[7] The Plaintiff submitted a 144-page exhibit consisting of the billing records annotated by the Plaintiff to object to entries as block-billing or unnecessary work or denoting an entry as vague or irrelevant. (Doc. 203-1). The Magistrate Judge correctly ruled that objections denoted on

11

and (3) that the Magistrate Judge misapplies Fla. Stat. § 768.79 have been addressed by the Magistrate Judge in the Report (*see* Doc. 206, pp. 37, n.12, 64–69, 70–78). The Court has conducted a *de novo* review of these objections and concurs with the findings of the Magistrate Judge in the Report. No further discussion is necessary.

## IV. CONCLUSION

For these reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objection to the Report and Recommendation (Doc. 207) is **OVERRULED**.

2. Magistrate Judge Leslie Hoffman Price's Report and Recommendation (Doc. 206) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. Defendants' Application for Attorneys' Fees Pursuant to Eleventh Circuit Rule 39-2 (Doc. 186) is **GRANTED IN PART AND DENIED IN PART**.

4. Defendants' Supplemental Motion for Attorneys' Fees on Amount With Incorporated Memorandum of Law (Doc. 196) is **GRANTED IN PART AND DENIED IN PART**.

5. Defendants' Supplemental Motion for Appellate Attorneys' Fees (Doc. 197) is **GRANTED IN PART AND DENIED IN PART**.

---

the billing records but not addressed in the Plaintiff's memorandum are not properly before the Court. (Doc. 206, p. 37, n.12).

6. Defendants are awarded attorneys' fees in the total amount of $740,710.00, and the aforementioned motions are **DENIED** in all other respects.

**DONE AND ORDERED** in Orlando, Florida on February 29, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties