**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ALAN GRAYSON,

        Plaintiff,

v.                                                                                          Case No:   6:20-cv-1824-PGB-LHP

NO LABELS, INC., PROGRESS TOMORROW, INC., UNITED TOGETHER, INC., NANCY JACOBSON, MARK PENN and JOHN DOES,

        Defendants

## ORDER

On March 30, 2023, Presiding District Judge Paul G. Byron granted Defendants' motion for entitlement to attorneys' fees (Doc. No. 184), and on February 29, 2024, Judge Byron granted in part and denied in part Defendants' motions for attorneys' fees (Doc. Nos. 186, 196) and awarded Defendants $740,710.00 in attorneys' fees for work performed both in this Court and before the Eleventh Circuit Court of Appeals.  Doc. Nos. 184, 211.  *See also* Doc. No. 213. Plaintiff appealed both of Judge Byron's Orders (Doc. Nos. 190, 204-05, 214), and on January 15, 2025, the Eleventh Circuit Court of Appeals affirmed Judge Byron's

rulings in all respects. Doc. No. 221. The mandate issued on March 27, 2025. Doc. No. 222.

Defendants thereafter filed in the Eleventh Circuit an application seeking $51,840.00 in appellate fees, representing 96.3 hours of attorney work before the Court of Appeals. Doc. No. 223. Plaintiff also filed in the Eleventh Circuit objections to Defendants' application. Doc. No. 224. Both the application and the objections were filed in compliance with the requirements of the applicable Federal Rules of Appellate Procedure and Eleventh Circuit Rules. On May 12, 2025, the Court of Appeals transferred Defendants' application and Plaintiff's objections to this Court for consideration of whether Defendants are entitled to appellate attorneys' fees and the reasonable amount of such fees, if any, to which they may be entitled. Doc. Nos. 223-1; 224-1. The application, which the Court treated as a motion, was subsequently referred to the undersigned.

Upon review, there are several deficiencies with both the motion and objections. First, because the filings were filed before the Court of Appeals, neither comply with the requirements of Local Rule 7.01. Second and relatedly, the motion does not sufficiently support the requested hourly rates, particularly in light of the rates this Court previously found reasonable (and were affirmed by the Court of Appeals). *See* Doc. Nos. 206, 211, 221. Third, the motion does not provide any legal authority addressing whether a party is entitled to recover appellate fees when

litigating the amount of the fees (*i.e.*, appellate "fees for fees") as opposed to appellate fees for litigating entitlement to fees. Fourth, these same deficiencies exist in Plaintiff's objections. Plaintiff's objections as to the hourly rates and number of attorneys are largely conclusory in nature, and while Plaintiff spills extensive ink on the issue of whether "fees for fees" are recoverable, Plaintiff does not address whether fees are recoverable for defending an *appeal* on the questions of entitlement, quantification, or both.

Further complicating matters, on November 24, 2025, Defendants filed a "Supplement to Application for Appellate Attorneys' Fees." Doc. No. 226. But the title of this filing is misleading, as it is not a supplement to Defendants' prior application for fees before the Court of Appeals, but rather seeks additional fees for work performed before the United States Supreme Court in responding to Plaintiff's unsuccessful Petition for Writ of Certiorari – an entirely separate proceeding. *Id.* The supplement consists of two paragraphs with supporting documentation; it does not contain a memorandum of law as required by Local Rule 3.01(b), does not contain a certificate of conferral as required by Local Rule 3.01(g), and wholly fails to comply with Local Rule 7.01. It is therefore unclear from this filing whether Defendants are entitled to any fees, whether the requested fees are reasonable, whether it is proper to bring a request for such fees before this Court, or whether

Plaintiff was made aware of or given any opportunity to review this supplement prior to its filing.

Given these deficiencies, in consideration of the fact that the parties' initial filings as to appellate fees were filed in the Court of Appeals under different procedural standards, and in light of the history and procedural posture of this case, as well as in an effort to promote judicial efficiency, the undersigned finds that the best course of action is to restart the appellate fees process. Accordingly, it is **ORDERED** as follows:

1. Defendants' Application for Appellate Attorneys' Fees (Doc. No. 223) is **DENIED WITHOUT PREJUDICE.**

2. Defendants' Supplement to Application for Appellate Attorneys' Fees (Doc. No. 226) is **STRICKEN.**

3. Within **thirty (30) days** from the date of this Order, Defendants may file a renewed motion for appellate attorneys' fees of no more than **thirty (30) pages** in length that complies with all applicable Local Rules, Federal Rules of Civil Procedure, and that includes both relevant legal authority and evidence to support any requested fees. *See, e.g.*, Doc. Nos. 206, 211. The motion must also contain a lodestar analysis, or provide citation to applicable legal authority demonstrating that the lodestar does not apply. *See Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1148 (11th Cir. 1993) (citing *Standard Guar. Ins. Co. v. Quanstrom*, 555 So.

2d 828 (Fla. 1990); *Fla. Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985)); *Jalosinski v. Dorel Juv. Grp., Inc.*, No. 2:13-cv-371, 2015 WL 4395406, at *3 (M.D. Fla. July 16, 2015).

4. The bifurcated process of Local Rule 7.01 is hereby **WAIVED** in this one instance (*see* Local Rule 1.01(b)), therefore any renewed motion must address both entitlement and quantification, including any requested "fees for fees." If Defendants seek to recover fees incurred while litigating before the United States Supreme Court, the motion must also address, with citation to applicable legal authority, why such a request would be made in this Court, and the standards for entitlement and quantification of same. Defendants may not incorporate by reference any prior filings. Local Rule 3.01(h).

5. Prior to filing any renewed motion, the parties must conduct a substantive meet and confer pursuant to the requirements of Local Rules 3.01(g) and 7.01(c), which must be conducted in person or by video conference (other means such as telephone or email will not suffice). A renewed motion must include a detailed recitation of the conferral efforts, to include the time, date, method, and length of the conferral, and the outcome of such conferral efforts, to include any agreement by the parties on the issues raised.

6. Within **twenty-one (21) days** of filing of Defendants' renewed motion, Plaintiff may file a response of no more than **twenty-five (25) pages** in length. The

response must also address the issues identified in this Order, with legal authority in support.

7. Defendants are cautioned that failure to support any requested fee or expense by citation to legal authority and evidence will result in a recommendation that the request be denied. Plaintiff is likewise cautioned that any objection unsupported by legal authority and/or evidence will be summarily overruled.

**DONE** and **ORDERED** in Orlando, Florida on December 4, 2025.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record