# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ALAN GRAYSON,

       Plaintiff,

v.
                              Case No: 6:20-cv-1824-PGB-LHP

NO LABELS, INC., PROGRESS
TOMORROW, INC., UNITED
TOGETHER, INC., NANCY
JACOBSON, MARK PENN, and
JOHN DOES,

       Defendants

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:**   **DEFENDANTS' AMENDED RENEWED MOTION FOR APPELLATE ATTORNEYS' FEES PURSUANT TO SECTION 768.79, FLORIDA STATUTES WITH INCORPORATED MEMORANDUM OF LAW (Doc. No. 233)**
>
> **FILED:**     **January 30, 2026**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

## I.   BACKGROUND.

The history of this case has been set out in detail on multiple occasions, which the undersigned presumes the parties are well familiar with, and therefore the undersigned only recites the salient facts herein.  *See, e.g.*, Doc. Nos. 159, 175, 180, 184, 206, 211, 221.

This case began on August 19, 2020, when Plaintiff Alan Grayson filed suit in state court against Defendants No Labels, Inc., Progress Tomorrow, Inc., United Together, Inc., Nancy Jacobson, and Mark Penn (collectively, "Defendants").  Doc. No. 1-1.  The case was removed to this Court on October 2, 2020 (Doc. No. 1), and the second amended complaint (the operative pleading) asserted state law claims for defamation and civil conspiracy against Defendants.  Doc. No. 35.

On May 25, 2021, Defendants served proposals for settlement on Plaintiff pursuant to Fla. Stat. § 768.79, which Plaintiff did not accept.  On May 20, 2022, the Court granted summary judgment in Defendants' favor as to all claims, and judgment was entered accordingly on May 23, 2022.  Doc. Nos. 159, 162.  The Eleventh Circuit Court of Appeals affirmed on October 21, 2022 (Doc. Nos. 175-176), and the United States Supreme Court denied certiorari review on May 22, 2023.  Doc. No. 195.

Since that time, the parties have been engaged in a lengthy battle over the question of attorneys' fees and costs.  On March 30, 2023, the Court granted

Defendants' motion for entitlement to fees and costs (Doc. No. 165), based on the May 25, 2021 proposals of settlement and Fla. Stat. § 768.79.   Doc. No. 184; *see also* Doc. No. 180.   On April 21, 2023, Plaintiff appealed the Court's Order, which the Court of Appeals dismissed for lack of jurisdiction on September 29, 2023, because the Court's order on entitlement did not become final or appealable until the amount of fees was determined.   Doc. Nos. 204-205.

On February 29, 2024, the Court granted in part and denied in part Defendants' supplemental motions for attorneys' fees and appellate attorneys' fees (Doc. Nos. 186, 196, 197), and awarded Defendants fees in the total amount of $740,710.00.   Doc. No. 211; *see also* Doc. No. 206.   Judgment was entered accordingly on March 12, 2024.   Doc. No. 213.   Plaintiff thereafter appealed the Court's orders on both entitlement and amount.   Doc. No. 214.   The Court of Appeals affirmed both orders on January 15, 2025, and the mandate issued on March 27, 2025.   Doc. Nos. 221-222.   Plaintiff's petition for writ of certiorari was denied by the United States Supreme Court on November 12, 2025.   Doc. No. 225.

This brings us to the present dispute.   Defendants request additional fees and costs for the work their attorneys performed while successfully litigating Plaintiff's appeal of the Court's fees orders and Plaintiff's petition for certiorari review.   *See, e.g.*, Doc. Nos. 223-224, 226, 228, 231-232.   By the above-styled motion,

Defendants request a total of $61,462.50 in fees[1] and $2,328.00 in costs, arguing that they are entitled to this amount pursuant to Fla. Stat. § 768.79.   Doc. No. 233.[2] Plaintiff opposes, arguing that Defendants are not entitled to any award of fees and costs (Doc. No. 234), and Defendants have filed an authorized reply.   Doc. No. 236.

The motion is therefore fully briefed and has been referred to the undersigned.   For the reasons that follow, the undersigned will respectfully recommend that the motion (Doc. No. 233) be granted in part and denied in part.

## II.    ENTITLEMENT.

The sole basis for Defendants' requested appellate fees is Florida's offer of judgment statute, Fla. Stat. § 768.79, which creates a right to attorneys' fees in a civil action for damages where a plaintiff refuses to accept an offer of judgment made in good faith by a defendant, and the subsequent judgment is either of no liability or at least 25 percent less than the offer.   Doc. No. 233.   *See also* Fla. Stat. § 768.79(1).[3]

---

[1] Defendants list $61,937.50 in their motion (Doc. No. 233, at 1), however, as discussed below, this amount contains mathematical errors, and the undersigned instead utilizes the correct amount.

Pinpoint citations to all filings refer to the pagination provided by CM/ECF, rather than the internal pagination on the documents.

[2] The undersigned waived the bifurcated process of Local Rule 7.01 for assessing fee requests.   Doc. No. 228, at 5.

[3] Florida's offer of judgment statute is substantive law which applies to this diversity jurisdiction case.   *See Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257-58 (11th Cir. 2011); *Jones v. United Space Alliance, L.L.C.*, 494 F.3d 1306, 1309 (11th Cir. 2007).   *See also* Doc. Nos. 180, 184.

The Court previously held that Fla. Stat. § 768.79 applies such that Defendants were entitled to recover $740,710.00 in attorneys' fees incurred while litigating the substantive merits of Plaintiff's case, as well as their fees incurred while litigating Plaintiff's appeal of the Court's summary judgment rulings.   Doc. Nos. 180, 184, 206, 211, 221, 225; *see also Frosti v. Creel*, 979 So. 2d 912, 917 (Fla. 2008) ("The right to attorney fees pursuant to section 768.79 applies to fees incurred on appeal." (citations omitted)).[4]

The present dispute, however, involves a different procedural posture. Defendants are not seeking to recover their fees incurred in litigating any merits-based issues from this case; rather Defendants are seeking to recoup their fees expended litigating Plaintiff's appeal of the Court's determinations on fee entitlement and fee amount.   Doc. No. 233.   And Plaintiff strenuously argues that such fees are not recoverable, as they equate to "fees for fees" which are not permissible under Florida law.   Doc. No. 234.   *See also State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 832-33 (Fla. 1993) (holding that attorneys' fees incurred for litigating entitlement are recoverable, while fees incurred for litigating the amount of fees are not); *Mukamal v. Swire Pac. Holdings, Inc.*, No. 08-23444-CIV, 2011 WL

---

[4] Plaintiff and Defendants both reiterate their prior arguments regarding whether the offers of judgment complied with Fla. Stat. § 768.79 and were made in good faith.   *See* Doc. No. 233, at 7; Doc. No. 234, at 17-18; Doc. No. 236, at 2-5.   Given the Court's rulings on these arguments, which are now the law of the case, the undersigned sees no need to travel over ground already well tread.   *See* Doc. Nos. 184, 221.

13173589, at *5 (S.D. Fla. July 29, 2011) (collecting cases and noting that "Florida courts have consistently held that attorneys' fees should be awarded to the prevailing party for services rendered by an attorney in litigating the issue of entitlement to fees, but not for the services rendered litigating the amount of the fee award.").

In denying without prejudice Defendants' first motion for appellate fees, the undersigned specifically directed Defendants to provide in a renewed motion a discussion, with citation to legal authority, of whether Defendants were now seeking any "fees for fees," and if so, whether they were recoverable in the present procedural posture. Doc. No. 228. Defendants' renewed motion only partially complies with this directive. Doc. No. 233. Defendants argue that they should be awarded their appellate fees because they were incurred litigating entitlement to attorneys' fees, that they have clearly established their entitlement to fees under Fla. Stat. § 768.79, and therefore they are not seeking "fees for fees." *Id.* at 6-9. But Defendants ignore the fact that the appeal addressed *both* entitlement *and* quantification (*see* Doc. No. 221), and Defendants do not cite to any legal authority addressing whether an award of appellate fees – in whole or in part – would be appropriate under such circumstances. *Id.*

Plaintiff's response suffers from the same defect. Doc. No. 234. Plaintiff asks the Court to treat the appeal as one for quantification alone, and on that basis

find that appellate fees are not permissible under Florida's ban on "fees for fees." *Id.* at 5-9.  But Plaintiff likewise fails to provide any legal authority addressing whether an award of appellate fees – in whole or in part- would be appropriate where the appeal simultaneously addressed questions of entitlement and quantification.  *Id.*[5]

The undersigned has also been unable to find much legal authority on this issue.  In fact, the undersigned has located only one decision addressing a similar procedural posture, *Steffen v. Akerman, Senterfitt & Edison, P.A.*, No. 8:04-cv-1693-T-24MSS, 2009 WL 1117390, at *1 (M.D. Fla. Apr. 24, 2009).  In *Steffen*, the plaintiff filed a legal malpractice action against defendants, who served offers of judgment and thereafter prevailed at summary judgment.  2009 WL 1117390, at *1.  The plaintiff appealed and lost, and defendants were awarded their fees associated with the defense of their case from the date the plaintiff refused the settlement offer, including appellate fees.  *Id.*  The plaintiff thereafter appealed the attorneys' fees award, which the Court of Appeals affirmed, and defendants requested these additional appellate fees.  *Id.*  In granting defendants' request, United States

---

[5] Plaintiff's claim that the issue at hand was "squarely presented" in *Oruga Corp. v. AT &T Wireless of Fla., Inc.*, 712 So. 2d 1141 (Fla. Dist. Ct. App. 1998) is unpersuasive.  Doc. No. 234, at 6.  *Oruga* simply stands for the undisputed tenet that under Fla. Stat. § 768.79 fees incurred litigating entitlement to fees are recoverable whereas fees incurred litigating the amount of fees are not.  712 So. 2d at 1145.  *Oruga* does not discuss whether fees incurred on an appeal of the question of entitlement are recoverable.  Nor do any of the other cases Plaintiff relies on.  Doc. No. 234, at 7-8.

District Judge Susan C. Bucklew noted that Fla. Stat. § 768.79(1) applies to appeals and extends to fees generated litigating the entitlement to attorneys' fees, but does not extend to fees generated litigating the amount of attorneys' fees to which a party is entitled. *Id.* Judge Bucklew then found defendants were entitled to recover these additional appellate fees "[b]ecause the appeal that generated the fees being claimed was based on whether Defendants were eligible for any attorneys' fees under Florida's offer of judgment statute . . . rather than the amount of fees to which they were entitled. . . ." *Id.*

The undersigned finds Judge Bucklew's holding persuasive, particularly in light of the Court of Appeals' prior ruling in this case that Plaintiff could not appeal any orders on fees until both entitlement and quantification were determined, thus necessitating an appeal of both issues at the same time. *See* Doc. No. 204. And in the absence of any legal authority to the contrary, the undersigned will recommend that the Court follow *Steffen*, and award any fees generated on appeal regarding the question of fee entitlement, but decline to award any fees generated on appeal regarding the amount of those fees. *See also State Farm Mut. Auto. Ins. Co. v. Markovits*, 295 So. 3d 355, 357 (Fla. Dist. Ct. App. 2020) (finding fees under Fla. Stat. § 768.79 recoverable for trial and appellate work up to the point of addressing entitlement, but not for any fees incurred once the issue of entitlement was resolved); *Hartley v. Guetzloe*, 712 So. 2d 817, 818 (Fla. Dist. Ct. App. 1998) (awarding

appellate attorneys' fees and costs for successful appeal on question of entitlement to fees under Fla. Stat. § 768.79).[6]

## III.   REASONABLENESS.

Defendants seek a total of $61,462.50 in attorneys' fees for 147.6 hours of attorney time broken down as follows:[7]

| Attorney | Rate | Hours |
|---|---|---|
| Todd R. Legon (Partner) | $475.00 | 22.7 (11th Circuit)<br>17.5 (U.S. Supreme Court) |
| William F. Rhodes (Partner) | $400.00 | 58.7 (11th Circuit)<br>25.0 (U.S. Supreme Court) |
| Elizabeth Y. Slagle (Associate) | $375.00 | 15.9 (11th Circuit)<br>7.8 (U.S. Supreme Court) |

---

[6] Plaintiff also argues that Defendants have failed to establish entitlement to any fees for defending Plaintiff's unsuccessful petition for writ of certiorari.   Doc. No. 234, at 18-19.   However, given that Fla. Stat. § 768.79 clearly permits recovery of appellate fees, the undersigned's recommendation that the Court award appellate fees incurred with regards to the question of entitlement, and the fact that the Court previously awarded fees to Defendants under Fla. Stat. § 768.79 for its work on the first petition for writ of certiorari (*see* Doc. No. 211, *see also* Doc. No. 206), the undersigned finds Plaintiff's renewed objection here unpersuasive.

The undersigned is also unpersuaded by Plaintiff's contention that Defendants did not follow the rules for seeking fees before the Eleventh Circuit (Doc. No. 234, at 5, n.4), particularly when the Court of Appeals remanded the question of fees to this Court, and the undersigned directed the filing of a renewed motion.   Doc. Nos. 223-1; 228, 232.

[7] Defendants' motion and Attorney Legon's Declaration provide charts for the hours spent at the appellate and Supreme Court level.   Doc. No. 233, at 17; Doc. No. 233-1, at 7-8.   Those charts list Attorney Legon's hours spent on Plaintiff's Eleventh Circuit Appeal as 23.7.   Doc. No. 233, at 17; Doc. No. 233-1, at 7.   However, a review of the billing records shows that Attorney Legon's total hours for that work is actually 22.7, which the undersigned utilizes.   Doc. No. 233-1, at 34-36.

Doc. No. 233, at 17; Doc. No. 233-1, at 6-8, 34-40.

As the Court previously held, and which no party disputes, Florida law governs the question of the reasonableness of Defendants' requested fees, and Florida applies the federal lodestar approach.   *See* Doc. Nos. 206, 211; *see also Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1148 (11th Cir. 1993); *Jalosinski v. Dorel Juvenile Grp., Inc.*, No. 2:13-cv-371, 2015 WL 4395406, at *3 (M.D. Fla. July 16, 2015); *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1373 (M.D. Fla. 2010). In applying the federal lodestar, the Court multiplies the number of hours reasonably expended by a reasonable hourly rate.   *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).   The party seeking fees has the burden of establishing that the hourly rate and hours expended are reasonable, and must produce satisfactory evidence that the requested rate is within the prevailing market rates and support the number of hours worked and the rate sought. *See Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988); *see also Hensley*, 461 U.S. at 433.   In addition, "fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303 (citations omitted).   Fee applicants must also provide "fairly definite information" concerning activities

- 10 -

performed by each attorney.   *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (citing *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

When awarding fees pursuant to Fla. Stat. § 768.79, courts must strictly construe the statute in favor of the non-moving party.   *Kearney*, 713 F. Supp. 2d at 1374–75 (quoting *Sarkis v. Allstate Ins. Co.*, 863 So. 2d 210, 223 (Fla. 2003)).   Thus, in addition to considering the lodestar factors, a court awarding fees under Fla. Stat. § 768.79, shall also consider the following subjective factors:

> 1. The then apparent merit or lack of merit in the claim.
>
> 2. The number and nature of offers made by the parties.
>
> 3. The closeness of questions of fact and law at issue.
>
> 4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.
>
> 5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.
>
> 6. The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.

Fla. Stat. § 768.79(8)(b); *see also* Fla. R. Civ. P. 1.442(h)(2) (listing identical factors); *SB Holdings I, LLC v. Indian Harbor Ins. Co.*, No. 6:19-cv-668-PGB-DCI, 2022 WL

3711770, at *6 (M.D. Fla. Aug. 15, 2022), *appeal dismissed*, 2023 WL 2465940 (11th Cir. Jan. 3, 2023); *Kearney*, 713 F. Supp. 2d at 1374.[8]

### A.     The Hourly Rates.

Under the lodestar method, a reasonable hourly rate for an attorney is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299; *see also Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996). The "relevant market" is "the place where the case is filed." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).[9] The Court may also rely on its own

---

[8] Courts may also consider similar factors set forth in the Florida Rules of Professional Conduct: "(A) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (B) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (C) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature; (D) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained; . . . (G) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services[.]" Fla. Bar. R. 4-1.5(b); *see also SB Holdings I, LLC*, 2022 WL 3711770, at *6, n.7.

[9] When assessing hourly rates under Florida law, courts also consider the following factors: (1) the skill requisite to perform the legal service properly; (2) the likelihood that undertaking the case would preclude other employment; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; and (7) the experience, reputation, and ability of the lawyers performing the services. *Joyce v. Federated Nat'l Ins. Co.*, 228 So. 3d 1122, 1126 (Fla. 2017).

knowledge and experience of the prevailing market rate. *See Norman*, 836 F.2d at 1299-1300, 1303. However, "[t]he going rate in the community is the most critical factor in setting the fee rate." *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, No. 6:10-cv-1445-Orl-22DAB, 2012 WL 695670, at *5 (M.D. Fla. Feb. 14, 2012), *report and recommendation adopted*, 2012 WL 695843 (M.D. Fla. Mar. 1, 2012) (citing *Martin v. Univ. of S. Ala.*, 911 F.2d 604, 610 (11th Cir. 1990)).

Defendants are seeking the same hourly rates for Attorneys Legon, Rhodes, and Slagle (Doc. No. 233, at 12-17), which the Court previously found to be reasonable, and which the Court of Appeals affirmed. *See* Doc. Nos. 211, 221; *see also* Doc. No. 206, at 15-23. Plaintiff does not challenge these rates (Doc. No. 234; *see also* Doc. No. 233, at 9, 13), therefore the undersigned will recommend that the Court again find these rates to be reasonable here: Attorney Legon ($475.00), Attorney Rhodes ($400.00), Attorney Slagle ($375.00).

B.    *The Requested Hours.*

When requesting fees under the lodestar, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In addition, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity."

- 13 -

*Norman*, 836 F.2d at 1303. Inadequate documentation may reduce the fees requested. *Hensley*, 461 U.S. at 433; *Rowe*, 472 So. 2d at 1150. The court may also reduce hours it finds excessive or unnecessary. *Fla. Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985).

After the moving party provides sufficient documentation to support an attorney's fees award, the burden shifts to the opposing party to submit objections and proof that are specific and reasonably precise. *Barnes*, 168 F.3d at 428 (citing *Norman*, 836 F.2d at 1301). A fee opponent's failure to explain with specificity the particular hours he or she views as "excessive, redundant, or otherwise unnecessary" is generally fatal. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)). Conclusory objections and generalized statements are not given much weight. *Gray*, 125 F.3d at 1389. Nevertheless, "[i]f fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *Barnes*, 168 F.3d at 428 (internal quotation marks omitted). When a court finds the number of hours billed to be unreasonably high, a court has two choices: it may review each entry and deduct the unreasonable time, or it may reduce the number of hours by an across-the-board cut. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

As previously noted, Defendants are seeking a total of 97.3 hours of attorney time spent defending Plaintiff's appeal before the Eleventh Circuit, and 50.3 hours of attorney time spent defending Plaintiff's petition for writ of certiorari.  Doc. No. 233, at 17; Doc. No. 233-1, at 7-9, 34-40.  In support of these hours, Defendants have attached their billing records and a Declaration from their attorney Todd R. Legon. Doc. No. 233-1, at 2-9, 34-40.  In his Declaration, Attorney Legon states that he has reviewed all of the attached billing records, and that they accurately reflect the work performed.  *Id.* at 3.  He further states that the work performed consisted of drafting responses to pre-briefing motions, reviewing the record on appeal and Plaintiff's brief and petition for writ of certiorari, and preparing responsive briefs both before the Court of Appeals and the United States Supreme Court; that all work was reasonable and necessary to properly defend the appellate proceedings; and that all excessive, duplicative, clerical, and otherwise unreasonable tasks have been removed. *Id.* at 3, 6, 7.  In addition, Attorney Legon states that the United States Supreme Court requested Defendants respond to Plaintiff's petition for writ of certiorari.  *Id.* at 7-8.

Defendants also explain in their motion that the fees they incurred were the result of Plaintiff's "scorched earth litigation" tactics, which prolonged litigation over claims without any legal merit, to include two rounds of appeals and two rounds of petitions for writ of certiorari.  Doc. No. 233, at 11-12.  Defendants note

- 15 -

that Plaintiff could have stopped the accrual of fees and costs if he had accepted the May 25, 2021 offers of judgment, but chose to press forward, thereby accepting the risk of being financially responsible for Defendants' additional fees.  *Id.*  And Defendants note in their reply that their billing records do not include any hours expended on filing any of their fee quantification motions – either before this Court or the Court of Appeals.   Doc. No. 236, at 4.

In his response, Plaintiff claims that Defendants' hours are patently unreasonable because the billing records consist of wholesale block billing, in that all time entries inextricably combine hours spent litigating entitlement with hours spent litigating quantification. Doc. No. 234, at 9-12, 14.   Plaintiff further argues that the hours are excessive, and in particular that Defendants' briefing before the Court of Appeals and United States Supreme Court consists almost entirely of "cut and paste" sections of arguments previously made by Defendants in their fee motions before this Court.  *Id.* at 12-14.   Plaintiff also makes numerous objections to time entries that Plaintiff contends are non-compensable clerical tasks, reflect unnecessary internal conferences, demonstrate multiple attorneys performing duplicative tasks, and/or are time entries for work related to a different case.  *Id.* at 14-17; *see also* Doc. No. 234-1.   Last, Plaintiff challenges the reasonableness of any fees award under the factors set forth in Fla. Stat. § 768.79(8)(b).  *Id.* at 17-18.   In their reply, Defendants only take issue with Plaintiff's block billing objection and

the question of whether the fees are reasonable under § 769.79(8)(b), they do not address any of Plaintiff's other objections.

The undersigned has reviewed Defendants' billing records and Plaintiff's objections thereto, and finds that Plaintiff's objections have merit, to a point.   The undersigned agrees that several of the time entries at the United States Supreme Court level include non-compensable clerical tasks related to the filing and service of Defendants' responsive brief, and the review and calendaring of deadlines.   *See, e.g.*, Doc. No. 233-1, at 38 (time entries dated August 29, 2025, September 2, 2025, September 4, 2025, September 8, 2025), and at 39 (time entries dated September 9, 2025, September 16, 2025, September 17, 2025, September 18, 2025).[10]   The Court previously reduced Defendants' fees for similar tasks during the first round of appeals, and in the absence of any argument by Defendants on this point, the undersigned will recommend a similar reduction here.   *See* Doc. No. 206, at 63-64 (finding attorney hours spent filing Defendants' appellee brief and response in opposition to Plaintiff's first petition for writ of certiorari, as well as hours spent coordinating transmission by courier of paper copies of appellate briefs to be clearly clerical and non-compensable).   *See also Knight v. Paul & Ron Enters., Inc.*, No. 8:13-cv-310-T-36EAJ, 2015 WL 2401504, at *8 (M.D. Fla. May 18, 2015) (deducting hours

---

[10] These time entries combine the clerical tasks with other attorney work, and the undersigned addresses this block billing below.

spent on non-compensable tasks such as calendaring deadlines, handling scheduling issues, gathering documents, and preparing trial binders and exhibits); *Holmes v. Collier Cty. Bd. of Comm'rs*, No. 2:09-cv-381-FtM-36SPC, 2011 WL 4048962, at *5 (M.D. Fla. Sept. 13, 2011), *report and recommendation adopted*, 2012 WL 718809 (M.D. Fla. Mar. 6, 2012) (deducting attorney hours spent on tasks such as formatting motions and responses and filing documents with the court); *Scelta*, 203 F. Supp. 2d at 1334 ("[C]lerical and secretarial work, such as gathering materials, copying them, mailing them and refiling them" is not separately recoverable as attorneys' fees).

The undersigned also agrees with Plaintiff that Defendants have included a March 27, 2024 time entry for .30 hours spent preparing for a mediation that does not appear to relate to this case. *See* Doc. No. 233-1, at 34. Defendants again do not address this time entry in their reply, and the undersigned will therefore also recommend a reduction for this time entry.

The undersigned does not agree, however, with Plaintiff's complaints regarding unnecessary internal conferences or that the use of multiple attorneys was unreasonably duplicative. Only three attorneys litigated this round of appeals, and "there is nothing inherently unreasonable about a client having multiple attorneys." *Barnes*, 168 F.3d at 432 (citation and internal quotation marks omitted). Rather, "[a]n award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the

customary practice of multiple-lawyer litigation." *Id.* *See also Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-21511-CIV, 2011 WL 13220459, at \*11 (S.D. Fla. May 18, 2011), *report and recommendation adopted*, 2011 WL 13220497 (S.D. Fla. June 20, 2011) ("[T]he Court deems it important also to note that there is nothing inherently 'inefficient' or duplicative about having multiple lawyers, or even multiple law firms, work together to accomplish the same tasks.").

Contrary to Plaintiff's assertions, the undersigned does not find the use of two partners and one associate to defend Plaintiff's appeal and petition for writ of certiorari to be excessive or unreasonable. Indeed, the Court previously found the use of four attorneys and one paralegal to be reasonable for the first round of appeals in this case. Doc. No. 211, *see also* Doc. No. 206. Nor does a review of the billing records demonstrate that these three attorneys performed unreasonably duplicative tasks. Doc. No. 233-1, at 34-39. Rather, the time entries demonstrate that each task was sufficiently described and show each attorney's efforts in successfully defending against Plaintiff's appeal and certiorari petition. And the undersigned notes Attorney Legon's unrefuted Declaration that he removed from the billing records all excessive or duplicative tasks. Doc. No. 233-1, at 3.[11] *See*

---

[11] Plaintiff's reference to the Court's prior reduction of hours expended by the law firm of Winston & Strawn LLP (Doc. No. 234, at 15) is unavailing, as the Court removed those hours because they were incurred by a law firm new to the case getting up to speed in preparation for trial. Doc. No. 211; *see also* Doc. No. 206, at 53-57. In contrast, the fees sought here were incurred by the same three attorneys who litigated this case through

*Spanakos v. Hawk Sys., Inc.*, 362 So. 3d 226, 242 (Fla. Dist. Ct. App. 2023) (noting that "a reduction is warranted only if the attorneys are *unreasonably* doing the *same* work." (quoting *Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983))).

The undersigned also finds unpersuasive Plaintiff's objection regarding internal conferences. The identified time entries show that counsel were conferring on issues of legal strategy, drafting and finalizing Defendants' briefs, and case management, all of which are reasonable and compensable tasks. Doc. No. 233-1, at 34-39. *See also Am. Charities for Reasonable Fundraising Regul., Inc. v. Pinellas Cty.*, 278 F. Supp. 2d 1301, 1315 (M.D. Fla. 2003) ("[T]ime spent in attorney conferences is generally compensable for each participant."); *Spanakos*, 362 So. 3d at 241 (noting that attorney conference time is generally reasonable and compensable because "attorneys must spend at least some of their time conferring with colleagues, particularly their subordinates, to ensure that a case is managed in an effective as well as efficient manner." (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1337 (D.C. Cir. 1982))).

This leaves Plaintiff's final two objections: excessive time and block billing. With regards to alleged excessiveness, Plaintiff first points to 1.4 hours expended

---

summary judgment and the first round of appeals, and there are no time entries for getting up to speed.

by Attorney Legon on April 21, 2024 exchanging multiple emails with Defendants, which Plaintiff baldly contends is "obviously excessive."   Doc. No. 234, at 15-16; Doc. No. 234-1, at 1.   The undersigned disagrees.   There are five Defendants in this case, and spending 84 minutes exchanging multiple emails regarding Plaintiff's appeal is not obviously excessive.   Next, Plaintiff takes issue with the time Defendants spent researching, drafting, revising, and filing a motion for extension of time in the Court of Appeals between April 26, 2024 and May 2, 2024, as well as the time spent reviewing and agreeing to Plaintiff's August 8, 2024 request for an extension of time.   Doc. No. 234, at 16; Doc. No. 234-1, at 1.   Again, these entries, which consist of a total of 6.0 hours, do not appear on their face to be excessive, show each attorney played a different role in resolving the motions, and also include communications with Defendants and opposing counsel, as well as other related legal tasks.   Third, Plaintiff claims that Defendants' counsel unreasonably spent 10 hours preparing for an appellate mediation that only lasted 10 minutes. Doc. No. 234, at 16.   But other than noting how long the mediation lasted, Plaintiff points to nothing that would support a finding of excessiveness, nor does the undersigned find spending just over one day preparing for a mediation, including drafting a mediation statement and discussing strategy, to be unreasonable or excessive.   *See Domond v. PeopleNetwork APS*, 750 F. App'x 844, 848-49 (11th Cir. 2018) ("The objected-to billing entries were not obviously excessive, duplicative, or

- 21 -

indiscernible, so the district court did not abuse its discretion in concluding that [the fee opponents] had to do more than object without a full explanation."). *See also Bailey v. Swindell*, No. 3:15-cv-390-MCR-HTC, 2025 WL 2993241, at \*6 (N.D. Fla. June 10, 2025), *report and recommendation adopted*, No. 3:15-cv-390-MCR-HTC, 2025 WL 2530755 (N.D. Fla. Sept. 3, 2025), *aff'd sub nom.*, No. 25-13448, 2026 WL 1679225 (11th Cir. June 10, 2026) (finding reasonable 35.2 hours spent preparing for three mediations, two of which required preparation of confidential settlement statements); *Truesdell v. Thomas*, No. 5:13-cv-552-Oc-10PRL, 2018 WL 6622882, at \*4 (M.D. Fla. Nov. 27, 2018), *report and recommendation adopted*, No. 5:13-cv-552-Oc-10PRL, 2019 WL 175279 (M.D. Fla. Jan. 11, 2019) (finding 5 hours by two attorneys incurred solely for preparing mediation statement to be reasonable).

The last objection as to excessiveness relates to the time Defendants' counsel, and in particular Attorney Rhodes, spent working on the appellate brief and response to Plaintiff's certiorari petition. Doc. No. 234, at 12-13, 16-17. But other than stating that the briefs were largely cut and paste versions of prior filings, Plaintiff provides no evidence or legal authority to support his objection, not even copies of the briefs for comparison. This alone renders Plaintiff's objection unpersuasive. *See Domond*, 750 F. App'x at 848-49; *River Cross Land Co., LLC v. Seminole Cty.*, No. 6:18-cv-1646-ACC-LHP, 2022 WL 20622333, at \*15 (M.D. Fla. Dec. 12, 2022), *report and recommendation adopted*, 2023 WL 5748424 (M.D. Fla. Jan. 5, 2023)

(overruling objection to attorney hours as duplicative where no explanation was provided as to why the hours were duplicative; only a one-word objection was listed on annotated time records); *Gray v. Novell, Inc.*, No. 8:06-cv-1950-T-33TGW, 2012 WL 3871872, at *8 (M.D. Fla. Sept. 6, 2012) (not considering objections to attorney hours that merely state "unrelated," "duplicative," and "other impermissible," as such objections "are too vague to assist the court in determining the propriety of the time entries."). *See also Norman*, 836 F.2d at 1301 ("Generalized statements that the time spent was reasonable or unreasonable . . . are not particularly helpful and not entitled to much weight.").[12] In any event, upon a review of Defendant's billing records, the undersigned does not find spending just over two weeks of attorney time (97.3 hours) defending Plaintiff's appeal, which included multiple rounds of motions practice, an appellate mediation, and preparing and filing of an appellee brief, nor 50.3 hours spent preparing and filing an opposition to Plaintiff's certiorari petition (minus the clerical tasks discussed above) to be unreasonable or excessive, particularly where the time entries sufficiently describe each attorney's contributions. *See* Doc. No. 206, at 58-59, 70 (finding reasonable 236.50 hours incurred on the first round of appeals in this case,

---

[12] Plaintiff made similar arguments during the first round of fees litigation, the undersigned pointed out these same deficiencies in Plaintiff's objections, yet Plaintiff repeats them here. *See* Doc. No. 206, at 58-59.

including 72.7 hours spent drafting Defendants' response to first petition for writ of certiorari).

Plaintiff's final objection regarding block billing, however, is more persuasive. On this point Plaintiff argues that all of Defendants' time entries combine work on both entitlement and quantification, without explanation, thereby resulting in a request to recover at least some fees that are not permissible under applicable law. Doc. No. 234, at 14. A review of the billing records supports Plaintiff's argument – none of the time entries identify whether they were expended on issues related to entitlement versus issues related to quantification. Doc. No. 233-1, at 34-40. Defendants did not address this distinction in their motion, and in their reply, Defendants simply argue that "the vast majority" of the briefing before the Court of Appeals and United States Supreme Court dealt with entitlement rather than amount. Doc. No. 236, at 4-7. But Defendants present no evidence to support this claim, nor any persuasive legal authority suggesting that they are entitled to recover all fees requested.[13]

Because the undersigned is recommending that Defendants only recover their appellate fees incurred litigating the question of entitlement, because both

---

[13] Defendants' reference to a similar argument made during the first round of fees motions (Doc. No. 234, at 6) is unpersuasive, as in that instance, the undersigned was considering fee applications that were filed on this Court's docket and therefore reviewable. Doc. No. 206, at 39-40.

issues were raised together during this round of appeals, because the billing records do not separate out any work done on entitlement versus quantification, and because the undersigned finds that some of Plaintiff's other objections have merit, the undersigned will recommend a 50% across-the-board reduction in Defendants' requested fees. *See Bivins*, 548 F.3d at 1350 ("When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut."); *Ceres Env't Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 203 (11th Cir. 2012) (to remedy problem of block billing, district courts may apply an across-the-board reduction); *Hepsen v. J.C. Christensen & Assocs., Inc.*, 394 F. App'x 597, 600 (11th Cir. 2010) (affirming 50% reduction in hours that were excessive, redundant, block billed, and clerical in nature). *See also Valdez v. Kalmd Home Care LLC*, No. 6:24-cv-237-GAP-RMN, 2025 WL 1727265, at *4 (M.D. Fla. June 4, 2025), *report and recommendation adopted*, No. 6:24-cv-237-GAP-RMN, 2025 WL 1726237 (M.D. Fla. June 20, 2025) (recommending reduction of attorney hours by 50% across-the-board where billing records showed excessive hours, time spent on clerical tasks or to correct counsel's professional errors, and hours spent on claims for which movant was not the prevailing party, and where the billing records did not differentiate between the claims); *Fuccillo v. Century Enters. Inc.*, No. 8:18-cv-1236-T-36AEP, 2020 WL 8224612, at *6 (M.D. Fla. Apr. 28, 2020) (recommending

reduction in fees by 50% for duplicative, block billing, and excessive fees); *Rabco Corp. v. Steel Plaza, LLC*, No. 6:16-cv-1858-Orl-40LRH, 2019 WL 5188601, at *15 (M.D. Fla. July 29, 2019), *report and recommendation adopted*, 2019 WL 5176284 (M.D. Fla. Aug. 13, 2019) (applying 50% across-the-board reduction to hours due to block billing and lack of specificity in the time entries); *BJCC, LLC v. LeFevre*, No. 8:09-cv-551-T-17EAJ, 2011 WL 5597305, at *6 (M.D. Fla. Oct. 11, 2011), *report and recommendation adopted*, No. 8:09-cv-551-T-17EAJ, 2011 WL 5597349 (M.D. Fla. Nov. 17, 2011) (where billing records did not permit line-by-line reduction for hours spent on non-compensable claims, across-the-board reduction was appropriate); Doc. No. 206, at 47 (applying 50% reduction to block billed time entries that combined compensable and non-compensable work).[14]

>    C.    *Fla. Stat. § 768.79(8)(b).*

Plaintiff also argues that an additional reduction in Defendants' fees is required when the reasonableness factors of Fla. Stat. § 768.79(8)(b) are applied. Doc. No. 234, at 17-18.   But the only rationale Plaintiff provides is that the undersigned issued a 79-page report and recommendation on Defendants' first requests for fees, the fact this litigation is now in its sixth year suggests that Defendants' $500 offers of judgment were not reasonable, and because the United

---

[14] The undersigned finds that this reduction also accounts for the non-compensable clerical tasks listed in the billing records for the proceedings before the United States Supreme Court, and therefore does not recommend any further reductions.

States Supreme Court directed a response from Defendants as to Plaintiff's petition for writ of certiorari.  *Id.*

The undersigned finds Plaintiff's arguments wholly unpersuasive.  First, the undersigned's report and recommendation addressed in detail the § 768.79(8)(b) factors, including many of the arguments Plaintiff now makes, and found those arguments without merit.  Doc. No. 206, at 71-78; *see also* Doc. No. 211.  Plaintiff's arguments are equally unsuccessful here.  Assessing entitlement and/or quantification of fees did not involve close questions of law or fact, rather the assessment simply required a detailed analysis given the breadth of the litigation and quantity of billing records.  And the Court of Appeals adopted the Court's rulings without qualification.  Doc. No. 221.  Second, any attempts by Plaintiff to relitigate the reasonableness of Defendants' offers of judgment are squarely foreclosed by the Court's rulings, which are now the law of the case.  Doc. Nos. 180, 184, 211, 221.  *See also Arce v. Wackenhut Corp.*, 146 So. 3d 1236, 1240–41 (Fla. Dist. Ct. App. 2014) ("It is evident from a plain reading of the statute and the rule that the issue of good faith is not a factor to be considered by the court in determining the amount and reasonableness of the fees and costs to be awarded."). Third, and similarly, the Court is unpersuaded by Plaintiff's reference to the United States Supreme Court's request for a responsive brief, particularly in the absence of any legal authority even suggesting that such a request would warrant a fee

reduction, and given the Court's prior award of such fees during the first round of appeals.   Doc. Nos. 206, 211.

Accordingly, the undersigned will not recommend any further fee reduction. *See Am. Home Assur. Co. v. Weaver Aggregate Transp., Inc.*, 89 F. Supp. 3d 1294, 1301 n.7 (M.D. Fla. 2015) (under prior version of Fla. Stat. § 768.79(8)(b), finding that the factors weighed in favor of fee award in part because the defendant's refusal to accept the offer of judgment "resulted in an additional 2.5 years of litigation, and nearly a year of post-trial motions practice").[15]

## IV.   TOTAL LODESTAR.

Having considered all of the evidence submitted, as well as Plaintiff's objections, the undersigned finds that a reasonable fee for this stage of the litigation is $30,731.25, broken down as follows:

| Attorney | Rate | Hours |
|---|---|---|
| Todd R. Legon | $475.00 | 11.35 (11th Circuit) 8.75 (U.S. Supreme Court) |
| William F. Rhodes | $400.00 | 29.35 (11th Circuit) 12.5 (U.S. Supreme Court) |
| Elizabeth Y. Slagle | $375.00 | 7.95 (11th Circuit) |

---

[15] In a footnote, Plaintiff raises several additional arguments that were either unsuccessful during the first round of fees motions, or are raised in a perfunctory manner. Doc. No. 234, at 17 n.14.   The undersigned does not address these arguments further.   *See* Doc. No. 211, at 6-8; Doc. No. 206, at 40-42; *see also NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").

3.9 (U.S. Supreme Court)

## V.    COSTS

Defendants also seek recovery of $2,328.00 in costs for the printing and binding of their briefs in response to Plaintiff's petition for writ of certiorari with the United States Supreme Court.   Doc. No. 233, at 18-19; *see also* Doc. No. 233-2. In support, Defendants attach a copy of their invoice for this cost, and include a lone reference to 28 U.S.C. § 1920(3), which authorizes "fees and disbursements for printing and witnesses."   Doc. No. 233, at 18-19; *see also* Doc. No. 233-2.   Plaintiff opposes, arguing that § 1920(3) does not apply to costs incurred in the United States Supreme Court, and that the Supreme Court does not permit recovery of the costs for printing briefs.   Doc. No. 234, at 20-21 (citing U.S. Sup. Ct. R. 43.3).   In reply, Defendants simply stand on their reference to § 1920(3).   Doc. No. 236, at 9.

Upon consideration, the undersigned agrees with Plaintiff.   Defendants have not provided any legal authority even suggesting that 28 U.S.C. § 1920 applies to costs incurred before the United States Supreme Court.   Nor do Defendants address the application of United States Supreme Court Rule 43.3, which clearly states that "the expenses of printing briefs, motions, petitions, or jurisdictional statements are not taxable."   U.S. Sup. Ct. R. 43.3.[16]

---

[16] It does not appear that Defendants previously requested recoupment of similar costs during the initial rounds of appellate proceedings.   *See* Doc. No. 206, at 78 n. 13.

"The party requesting the taxation of costs has the burden of submitting a request that enables the court to determine the costs incurred and entitlement to taxation of those costs." *Freckleton v. Bethune-Cookman Univ., Inc.*, No. 6:22-cv-906-PGB-UAM, 2025 WL 2988397, at *1 (M.D. Fla. Mar. 6, 2025), *report and recommendation adopted*, 2025 WL 2988375 (M.D. Fla. Mar. 24, 2025) (citing *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994)). *See also* Doc. No. 228, at 6 (cautioning Defendants that the undersigned would recommend denying any legally unsupported fee or expense). Defendants have not met their burden, and therefore the undersigned will recommend that the Court decline to award Defendants $2,238.00 in printing costs. *See Haroco, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago*, 38 F.3d 1429, 1440 (7th Cir. 1994) (reversing award of costs for printing briefs in the Supreme Court because neither § 1920 nor Federal Rule of Civil Procedure 54 mention anything about costs associated with appeals to the Supreme Court, and because Supreme Court Rule 43.3 clearly prohibits them); *Fuller v. Dep't of Corr.*, No. 1:13-cv-00035-DCN, 2019 WL 6332850, at *11 (D. Idaho Nov. 26, 2019) (declining to award costs incurred for the printing of United States Supreme Court brief absent clear authority to do so); *Kraebel v. New York City Dep't of Hous. Pres. & Dev.*, No. 90 CIV. 4391 (CSH), 2003 WL 1846332, at *1 (S.D.N.Y. Apr. 8, 2003) ("[P]laintiff's printing costs in opposing defendants' petition for a writ of certiorari, . . . [were] properly correctly disallowed.").

## VI.   RECOMMENDATION.

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that Defendants' Amended Renewed Motion for Appellate Attorneys' Fees Pursuant to Section 768.79, Florida Statutes With Incorporated Memorandum of Law (Doc. No. 233) be **GRANTED IN PART AND DENIED IN PART**, and that Defendants be awarded attorneys' fees in the total amount of $30,731.25.   The undersigned further **RECOMMENDS** that the motion (Doc. No. 233) be **DENIED** in all other respects.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.   Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 22, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy